McCay *vs.* Devers.

No. 37.—CHARLES F. McCAY, plaintiff in error, *vs.* JOHN DE-
VERS, defendant.

[1.] An executor is entitled to appeal without security, when the judgment is
to affect only the assets of the decedent in his hands; *aliter*, where the judg-
ment is against him personally, and for which he is responsible out of his
own funds.

Covenant, in Clarke Superior Court.   Decided by Judge JACK-
SON, August Term, 1850.

This was an action brought on a contract made by McCay
and Devers, for the construction of a mill-dam, by Devers, at
Princeton Factory, in Clarke County.   The declaration was
brought against "Charles F. McCay, one of the executors of
William Williams, deceased," and the process was so directed.
The declaration did not state that he was sued "as executor."

A verdict being rendered for the plaintiff, defendant appealed,
without giving security, alleging himself, in the appeal, to be
executor.

On the trial of the appeal, plaintiff moved to dismiss the ap-
peal because no security had been given.

The Court held, that the action was brought against the de-
fendant, individually, and not in his representative character, and
so holding, dismissed the appeal.

Defendant offered to prove, that he was executor of William
Williams, deceased; that the contract was made for the benefit
of the estate, and that he was authorized, by the will, to make
such contracts.   Which testimony was rejected by the Court.
To which decisions defendant excepted.

HILLYER, for plaintiff in error.

PEEPLES, DOUGHERTY and HULL, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is a defendant who is sued, *individually*, upon a contract
which he himself has made with the plaintiff, entitled to appeal

from a verdict rendered against him, without giving security, by proving that the contract on which the action was brought, was made for the benefit of the estate, which he represented as executor, and that he was authorized, by the will of his testator, to make such contracts?

By the Judiciary Act of 1799, executors and administrators are not required to give security upon entering an appeal. *Prince*, 426. In every case which may arise, we apprehend the true test to be this—will the judgment or decree affect only the assets of the decedent in the hands of the party? If so, he is entitled to appeal, under the Statute, without giving security, otherwise, the appeal bond would bind him, personally, and render him liable beyond the assets.

But where the judgment or decree *may be* personal, and a *fortiori* where *it must* be so, as in the present case, and for which he will be held responsible out of his own funds, whatever remedy over he may have at Law or in Equity against the estate, there is no more reason for allowing him the privilege of appealing, without security, than to allow it to any other person. The contract being made with him, *personally*, he must litigate all controversies arising out of it, in the same capacity. The just rights of the adverse party requires this.

Judgment affirmed.