JOHN P. IRVING, guardian, plaintiff in error, vs. ELBERT MEL-
TON, administrator, defendant in error.

A suit in equity against a person who was an administrator, was a suit to
which, he might plead as administrator; a suit in which, the decree might be
against him as administrator; a suit the title set up, in which, was good
against him only as administrator; a suit the prayer in which, was against
him as administrator.

*Held*, That it was a suit against him as administrator, and therefore, that he
had the right to appeal without giving security.

In Equity, from Randolph county. Decision by Judge
KIDDOO, November Term, 1858.

This was a bill in equity, by John P. Irving, guardian of
the infant children and distributees of McKinny Melton, de-
deased, against Elbert Melton, administrator of the estate of
said deceased, for an account and settlement.

The prayer of the bill was, "that the Court order and de-
cree, that an account may be taken by, and under the direc-
tion of the Court, and what is due and coming to the wards
of your orator from him, the said Elbert Melton, as adminis-
trator of said McKinny Melton, so deceased as aforesaid, that
said Elbert may be decreed to pay over to your orator as
guardian as aforesaid."

The jury found "for the complainant five thousand nine
hundred and seventy-eight dollars, and ninety four cents,
with interest from 1st January, last."

From this verdict the defendant appealed, and upon the

cause being called for trial, on the appeal, plaintiff moved to dismiss the same, upon the ground, that defendant had not given the bond and security required by law, in cases of appeal. He having given no security at all.

The Court refused the motion, holding, that defendant, being an administrator, was not required by law to give security. To which decision counsel for plaintiff excepted.

DOUGLASS & DOUGLASS; BLANDFORD & CRAWFORD, for plaintiff in error.

E. H. BEALL, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Did Elbert Melton have the right to appeal without giving security? The Court below held that he had.

And, it is clear, he had, if the suit against him, was against him as administrator. The Judiciary Act, of 1799, says so.

The question, then, is, was the suit against him as administrator?

It may be assumed, that a suit against a person who is an administrator, is against him as administrator, if the suit is one to which, he may plead as administrator; and the decree in which, may be against him as administrator; one the title set up in which, is good against him only as administrator, and one the prayer in which, is against him as administrator.

The bill states, that, Irving is the guardian of Elizabeth, Sarah, and Quincy Melton, orphans of McKinny Melton, deceased; who died in 1840, leaving an estate of some $10,000, or $15,000, consisting in part of lands and negroes; that Elbert Melton was appointed his administrator; that, McKinney Melton left a widow, and, a number of other children; that, in 1853 the complainant applied to the Court of Ordinary, for an order requiring the administrator to pay over and deliver to him, complainant, all the property

coming to his wards; that, after twenty days notice of this application had been given to the administrator, the order was passed as applied for; that, Melton had failed to make his annual returns.

That, he realized from the sale of the property $14,000; that one Jones owed the intestate, at the time of his death, $1500, for certain lands purchased by him, Jones, of the -intestate, and that, the administrator " made a rue" with Jones, and in it, gave up to Jones, his notes for the purchase money, and received back the land, and a negro man, named Jesse, to boot; that, the administrator has appropriated these lands, and this negro, to his own use, whereas they are, as the complainant charges, the property of the intestate; that, the lands of which the intestate died seized, except the widow's dower, had been sold by the administrator, at administrator's sale, for $3000, to four-ninths of which sum, as also, to four-ninths of all the property of the intestate, the complainant's wards were entitled; that, the administrator had received $400 in rents, and, $1000 in hire of the negroes; that, from the cash on hand, and the sale of personal property, he had realized $10,000; that the complainant had made repeated applications to him, for the " distributive share" of the estate, coming to his wards.

The bill prays, that an account may be taken; and that what shall be found " due and coming to the wards of" complainant, " from him the said Elbert Melton, as administrator," he shall be decreed to be paid over to" him, the complainant, " as guardian as aforesaid." And there is, the general prayer.

This is the bill. And, certainly, this is a bill to which, would lie, a plea or answer made by Elbert Melton *as administrator*. A plea, or answer, that he had paid away all the assets to debts, or, to legatees under a will annexed to his administration, would be a complete bar to the bill, And these are pleas confined to an administrator *or* an executor in his representative character.

So, this bill is one in which, a decree may be had against

Irving, guardian, vs. Melton, adm'r.

Elbert Melton, as administrator for the wards' shares. Indeed, a decree against him in that character, is all that the special prayer asks for; and, with the special prayer in this respect, the general prayer will well consist. But even if that were not so, even if the decree would have to be against him personally, for any cause; as a waste of the assets, yet that would not prove him to have been sued personally; for, in equity, the judgment may be against the defendant, in his personal character; or, against him, partly in that character and partly in his representative character, although, the suit itself may be against him, only in his representative character. If he has wasted the assets, the decree is against him personally, that he pay their value; if he has wasted some of the assets, but has some on hand in specie, the decree is against him personally, as to the part wasted, that he pay their value and, representatively, as to the part on hand in specie, that he distribute them.

The title which the complainant sets up in the bill, against Elbert Melton, is a title against him as administrator. That is, that his wards are of the next of kin of McKinny Melton, deceased, and that, as such, they are entitled to have their shares of McKinny Melton's estate. Such a title as that, is good only as against the administrator of that estate, for if asserted against any other person, on an allegation, say, that this other person has the estate in his possession, this person may plead, that there is an administrator to whom he is bound to account.

Finally, the special prayer to the bill is a prayer agains Elbert Melton " *as administrator*."

We think, then, that the suit is against Elbert Melton *as administrator*, and therefore, that he had the right to appeal without giving security.

Judgment affirmed.

McDonald J. absent.