## LEWIS *vs.* ARMSTRONG, administrator, *et al.*

[This case was argued at the last term, and the decision reserved.]

1. Since the adoption of the Code, where two defendants were sued as joint debtors, and judgment was rendered against them, the entering of an appeal by one of them suspended the entire case until the final disposition of the appeal, and execution could not be issued against the defendant who did not appeal. Cobb's Dig., 500.

2. The final judgment on such an appeal binds all alike; therefore where, upon an appeal entered by one defendant, the plaintiff's case was dismissed, such dismissal affected all alike, and execution could not be issued against the defendant who did not appeal.

3. No *laches* has been made to appear on the part of the creditor in prosecuting his remedy against the principal debtors, so as to release the endorser.

December 30, 1882,

CRAWFORD, Justice.

## BELL *vs.* THE STATE OF GEORGIA.

1. The verdict is supported by the evidence.

2. Where the entire charge does not appear in the record, the presumption is that it is right.

(a.) After charging the law of murder and the different degrees of manslaughter, and stating the presumption in favor of the defendant, there was no error in charging that such presumption might be removed by proof of the fact of the killing as charged in the indictment, and the onus be shifted to defendant to show that it was justifiable, or constituted a less offense than murder, that being the crime charged in the indictment.

3. A ground of a motion for a new trial that "the court erred in the third page of said written charge, in presuming that said defendant was guilty of the killing of said Blackstock" (the deceased), is a mere statement of a legal conclusion as to the effect of the language, and cannot be considered by this court where no written charge is sent up in the record.

4. A request to charge, which is not founded on the evidence, should not be given.

September 19, 1882.

JACKSON, Chief Justice.