## FORD et al. v. WILLIAMS, by next friend.

Where the defendant in an action brought under the pleading act of 1893, filed a plea at the first term, in which he severally and distinctly answered each paragraph of the plaintiff's petition as required by that act, it was, before the passage of the act of December 16th, 1895, the right of the defendant at the trial term to amend his original plea by setting up a new and independent legal defense, without making an affidavit that at the time of filing the original plea, or answer, he did not have notice or knowledge of the new facts or defense set out in the amended plea, or answer; and it was error to reject an amendment offered for this purpose, solely on the ground that it was not filed at the first term.

March 23, 1896. Argued at the last term.

Equitable petition. Before Judge Hardeman. Bibb superior court. April term, 1895.

*Kibbee, Hodges & Grace* and *G. S. Jones,* for plaintiffs in error. *L. D. Moore,* contra.

LUMPKIN, Justice.

The only question presented for our determination in the present case is that which is indicated in the head-note.

While it is true that the pleading act of 1893 (Acts of 1893, p. 56) does distinctly declare that the defendant, in a civil action, "shall not, as heretofore practiced in this State, file a mere general denial, commonly known as the plea of the general issue," and thereby, in effect, abolishes this plea, the act does not declare that the defendant, in

case he severally and distinctly answers each paragraph of the plaintiff's petition, shall be cut off from all right of amending his defense after the appearance term. Whether or not such a result was in legislative contemplation when this act was passed, we cannot undertake to say. It is sufficient for us to know that the right to amend by setting up a new and independent legal defense was not expressly taken away. Before the enactment of the law in question, this right unquestionably existed; and as this act was radical in its nature, and made great innovations upon the practice prevailing before it took effect, it ought not to be too strictly construed. In other words, it would be going too far to hold that the pre-existing law, which undoubtedly allowed such right of amendment, was repealed by implication.

As an evidence of legislative construction with reference to the meaning and effect of the pleading act of 1893, we refer to the subsequent act of December 16th, 1895 (Acts of 1895, p. 44), in which it is provided that: "The defendant, after the time allowed for answer has expired, shall not in any case by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless at the time of filing such amended plea or answer, containing the new answer, he shall attach an affidavit that at the time of filing the original plea or answer he did not have notice or knowledge of the new facts or defense set out in the amended plea or answer." The language just quoted contains a clear intimation that the right to set up new defenses after the appearance term did exist; and the purpose of the last act was to cut off this right, except upon the conditions therein specified.

The exact question now ruled upon has never before been distinctly decided by this court, though we have had before us some cases in which the consideration of it has been more or less directly involved. We think we have reached the right conclusion; but if, unfortunately, we have not done so, it is a matter of no great moment, since the act last above

cited deals with the question in such manner as to relieve the courts in the future of any embarrassment in the matter of allowing or disallowing amendments to pleas.

*Judgment reversed.*