## PATTERSON *et al. v.* BARROW.

*Simmons, C. J.*—1. Where, by the judgment of a county court, two of three defendants jointly sued were discharged and the remaining defendant held liable, an appeal to the superior court entered by him alone did not carry up the whole case so as to enable the latter court to discharge the appellant and render a judgment against the other two defendants to the original action. Sections 3619 and 3620 of the code are not applicable to such a case. They would be so if the judgment below had been rendered against all of the defendants. In that event, all would be bound by the final judgment rendered on the appeal. If it affirmed the judgment below, the status of all the defendants would remain unchanged; if it reversed that judgment, the two who did not appeal would be discharged, because the appeal entered by the defendant with whom they had been adjudicated jointly liable could properly be treated as having been entered for the benefit of all; but no appeal could possibly be for the benefit of one who had already been discharged.

2. The court erred in not setting aside the judgment rendered against the two defendants who had not appealed, their motion having been made in due time.          *Judgment reversed.*

June 12, 1896. By two Justices. Argued at the last term.

Motion to set aside judgment.    Before Judge Fish. Sumter superior court.    November term, 1894.

Barrow brought suit against Parker, Patterson and Hargis, in the county court, for damages from breach of warranty.    Judgment was rendered for Barrow against Parker for $45.    Parker thereupon entered an appeal to the superior court, where the case was tried before a jury, who found a verdict in favor of Barrow against Patterson and Hargis, and found in favor of Parker; and judgment was entered, that plaintiff recover of Patterson and Hargis $45. Patterson and Hargis then moved to set aside this judgment, alleging that they were dismissed upon the rendition of the judgment in the county court; that neither of them knew the case had been appealed by Parker, and were both absent in person and by attorney at the trial in the superior court.    The motion was overruled.

*E. F. Hinton,* for plaintiffs in error.

*J. E. D. Shipp,* contra.