MURRAY *et al.*, administrators, *et al.* v. MARSHALL.

1. Inasmuch as an appeal, though entered by one only of two or more joint defendants against whom a judgment had been rendered, brings up the whole record, requires a de novo investigation, and entitles all the parties

"to be heard on the whole merits of the case," and as all are bound by the result, it follows that a defendant, though not joining in the appeal, may in the court appealed to make any timely and appropriate amendment to a plea or answer already entered.

2. Where an appeal was entered in a pending case in the year 1892, the right to file in the court appealed to an amendment to an answer was not affected by the passage of either the pleading act of 1893 or the practice act of 1895; and this is true although the trial in that court was had in the year 1898.

3. The evidence being conflicting and such as would have warranted a finding either way upon the only issue contested in the case, the court erred in directing a verdict.

Argued November 17, 1898. — Decided March 4, 1899.

Complaint on notes—appeal. Before Judge Littlejohn. Macon superior court. May term, 1898.

*Allen Fort* and *W. A. Dodson*, for plaintiffs in error.
*R. L. Greer* and *Guerry & Hall*, contra.

LUMPKIN, P. J.　Two actions, each based upon a promissory note, were brought by Marshall in the county court of Macon county, against the administrators of S. T. Murray deceased, and G. J. and J. W. Harp.　Both notes purported to have been executed by the deceased and the two Harps as joint principals. A judgment in the plaintiff's favor against all of the defendants was entered in each case.　One of the administrators, in behalf of himself and his coadministrator, entered an appeal to the superior court.　Neither of the Harps appealed.　In the superior court the cases were consolidated and tried together as one case.　A plea of usury was, without objection, filed in the superior court in behalf of the administrators.　The Harps, during the trial, filed a plea setting up that they were only sureties upon the notes; that the same contained waivers of homestead, which were rendered void because of usury, and consequently they as sureties were discharged.　This plea the plaintiff met with a demurrer, one ground of which in substance was, that as the Harps had not appealed, they could not in the superior court set up a new and distinct defense, peculiar to themselves and which had not been made in the county court.　Another ground of the demurrer was, that this plea by the Harps was not filed at the proper time, but was offered too

late. The demurrer was sustained, and the case proceeded to trial. Upon the question of usury, the evidence was conflicting and would have warranted a finding either way. The court nevertheless directed a verdict in favor of the plaintiff for the full amount of the notes sued upon. The bill of exceptions alleges error in sustaining the demurrer to the plea filed by the Harps, and in directing a verdict for the plaintiff.

1. The court erred in sustaining the demurrer to the plea. An appeal, though entered by one only of two or more joint defendants against whom a judgment had been rendered in a county court, brings up the whole record, requires a de novo investigation, and entitles all the parties "to be heard on the whole merits of the case." All the parties to such a case are bound by the final judgment on appeal. Civil Code, §§ 4462, 4469; *Lewis* v. *Armstrong*, 69 *Ga.* 752. In contesting before the court and jury over the issues involved in the trial had on the appeal, every party, whether an appellant or not, has the right to introduce any competent evidence, and is entitled to a full hearing upon all those issues. Since a party, though he did not join in the appeal, is to be concluded by the final judgment rendered in the case, it is but fair that he should be allowed to offer in the superior court any timely and appropriate amendment essential to his defense. The right to defend necessarily carries with it the privilege of filing such pleadings as are proper, and of exercising all rights as to amendment conferred by statute upon litigants generally.

The decision of this court in *Patterson* v. *Barrow*, 99 *Ga.* 166, rules nothing contrary to what is here laid down. It was there held, that a defendant discharged by a judgment rendered in the lower court could not in any sense be benefited by an appeal, and therefore could not, on the trial of an appeal entered by a codefendant against whom alone a judgment had been rendered in the first instance, be made liable to the plaintiff. It will be noticed, however, that in the case just cited it was said that an appeal by one of several joint defendants against all of whom a judgment had been rendered would operate for the benefit of all. We do not see how an appeal could operate for the benefit of a particular party who did not join therein,

if he should at the trial on appeal be denied any right allowed to the party in fact entering the appeal.

2. We have stated above that an amendment, to be received, should be timely and appropriate. The demurrer to the plea filed by the Harps alleged that it came too late. We do not think so. This case was tried in the county court and the appeal entered in the year 1892, and therefore the question of the right to amend in the superior court was unaffected by the passage of either the pleading act of 1893 or the practice act of 1895; and this is true although the trial in the superior court was had in 1898. See, in this connection, *Ford* v. *Williams*, 98 *Ga.* 238. Manifestly it was not the purpose of either of the above-mentioned acts to cut off amendments in cases to which these acts were evidently never intended to apply. In *Newman* v. *Scofield*, 102 *Ga.* 810, in which the provisions of the act of 1895 were applied, it appeared that the action was brought shortly after the passage of that act.

3. The court ought not to have directed a verdict. The defense relied on by the administrators was usury; and, as already stated, the evidence would have warranted a finding either way on this question.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., who was disqualified.*