## BRYSON, administratrix, v. SCOTT.

Suit was brought in a justice's court against an administrator as such, seeking a judgment binding the assets of the deceased. The defendant pleaded no assets and plene administravit. The finding upon these pleas was against the defendant, and judgment was rendered by the justice in favor of the plaintiff for the amount sued for, to be satisfied of the assets of the deceased if to be found, if not to be found, then of the assets of the defendant personally. The defendant entered an appeal to a jury in the justice's court from so much of the judgment as affected the assets of the estate, and neither paid the costs nor gave bond for the eventual condemnation-money. *Held,* (1) that the defendant could not enter an appeal from only a part of the judgment; (2) that, as the judgment rendered bound the administrator personally, an appeal could not be entered under the provisions of section 4464 of the Civil Code, which provides that administrators, when sued as such, or defending solely the title of the estate, may enter an appeal without paying the costs and giving security.

Argued June 11,— Decided July 10, 1900.

Appeal. Before Judge Lumpkin. Fulton superior court. December 4, 1899.

*Hunt & Golightly,* for plaintiff in error.

*J. N. Glenn,* contra.

COBB, J. Scott brought suit in a justice's court against Mrs. Bryson "as administratrix of the estate of Thomas M. Bryson, deceased," seeking to obtain a judgment against her in her representative capacity. The defendant pleaded that she had no assets of the estate in her hands, and also that all the assets of the estate had been properly applied to the payment of debts of higher dignity than that of the plaintiff. The justice, after hearing evidence, found against these pleas, and entered a judgment for the amount sued for, to be satisfied of the property of the deceased, if any to be found, and, if not to be found, then to be satisfied of the property of Mrs. Bryson individually. Within four days after the rendition of this judgment Mrs. Bryson filed with the justice a paper in which it was stated that she desired "in her representative capacity" to enter an appeal to a jury in that court, and prayed that the same be allowed "without the giving of a bond or the payment of costs"; the paper reciting that she entered the appeal to protect the estate. When the case came on to be tried on the appeal the plaintiff moved to dismiss the appeal on two grounds, first, because the defendant had neither paid the costs nor given bond as required by law; second, because the appeal was entered for the estate only, and no appeal was taken so far as the judgment bound Mrs. Bryson individually. The justice overruled the motion to dismiss, and the case proceeded to trial, and resulted in a verdict for the plaintiff for the amount sued for, to be satisfied of the property of the deceased when the same should come into the hands of the administratrix. The jury further found that the administratrix had fully administered the estate. The plaintiff filed a petition for certiorari, assigning error upon the refusal of the justice to dismiss the appeal. Upon the hearing the judge sustained the certiorari, and ordered the appeal dismissed. To this judgment the defendant excepted.

The general rule applicable to appeals requires that the appellant, as a condition precedent to entering the appeal, shall pay the costs and give bond for the eventual condemnation-money. Civil Code, § 4458. One of the exceptions to this general rule is found in section 4464 of the Civil Code, which declares: "Executors, administrators, and other trustees, when sued as such, or defending solely the title of the estate, may

enter an appeal without paying costs and giving bond and se-
curity as hereinbefore required; but if a judgment should be
obtained against such executor, administrator, or other trustee,
and not the assets of the estate, he must pay costs and give se-
curity as in other cases." It is manifest from the terms of this
section that the exception in favor of persons sued in a repre-
sentative capacity is intended for the benefit of those who are
really litigating in the interest of others and who are not them-
selves to be affected by the judgment to be rendered. It is
clearly inferable from the latter part of the section that if the
person sued in a representative capacity is bound personally in
any way by the judgment, the section does not apply, and such
person would be compelled to pay the costs and give the bond
as required by the general rule. The test seems to be this:
Does the judgment bind the defendant in his representative ca-
pacity only, or does it bind him personally as well? If the
former, then the case is within the terms of the section; if the
latter, then the case is within neither the letter nor spirit of the
section, but falls under the general rule.

While this exact question has never been ruled by this court,
what has been heretofore said in passing upon questions grow-
ing out of the right to enter an appeal under this section, as
well as under the statute from which it was taken, has some
bearing upon the question now before us. In *McCay* v. *Devers,*
9 *Ga.* 184, it was held: "An executor is entitled to appeal
without security, when the judgment is to affect only the assets
of the decedent in his hands; *aliter,* where the judgment is
against him personally, and for which he is responsible out of
his own funds." In *Irving* v. *Melton,* 27 *Ga.* 330, it was held
that in a suit in equity against an administrator for a settle-
ment, the defendant was entitled to appeal without giving se-
curity. This decision was rendered by two Judges, Judge Mc-
Donald being absent. In *Hickman* v. *Hickman,* 74 *Ga.* 401,
it was held that where an executor was cited to appear and
settle his accounts and pay over to the legatees the amounts to
which they were entitled, the executor could not appeal from
a judgment rendered against him without paying the costs and
giving security. While the decision in the 27 *Ga.* was a suit
for a settlement in a court of equity, and the decision last cited

was a citation for a settlement in the court of ordinary, the principle controlling in each case would be the same, and therefore the two decisions are in direct conflict. The latter decision, having been concurred in by three Judges, must be allowed to control. This seems also to us to be the better view of the matter. In *Cannon* v. *Sheffield*, 59 *Ga.* 103, it was held that where an appeal was taken from a judgment de bonis testatoris without giving security, and subsequently the judgment was amended so as to charge the defendant individually, the appeal should not be dismissed because entered without giving bond and security. Chief Justice Warner thus disposes of the question in that case: "As the judgment stood against the defendant as administrator at the time he entered his appeal therefrom, he was not required to give security in order to obtain it. Having obtained an appeal from the judgment of the justice according to law, his legal right thereto could not be defeated by the subsequent amendment of the judgment, even if the justice had the legal authority to amend the judgment as he did, pending the appeal." As the judgment in the present case bound the defendant personally, she could not enter an appeal under the provisions of Civil Code, § 4464, without paying the cost and giving bond, at least so far as the judgment against her personally was concerned.

Could she enter an appeal from so much of the judgment as bound the assets of the estate, and leave the judgment to stand in so far as it bound her individually? We know of no law which authorizes an appeal to be entered from a part of a judgment. An appeal is a de novo investigation. "It brings up the whole record from the court below, and all competent evidence is admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case." Civil Code, § 4469. Even in a case where more than one person is bound by the judgment, an appeal entered by one will carry up the whole record, and any judgment rendered will bind the parties not appealing as well as the appellants. Civil Code, §§ 4461, 4462; *Murray* v. *Marshall*, 106 *Ga.* 523. As any appeal entered by the defendant in the present case would have the effect of carrying to the appeal the entire case, and as the judgment rendered by the jus-

tice was one which bound her personally, and was not one in which the estate represented by her was alone interested, no appeal could be entered until after the payment of the costs and the giving of security required under the general rule in reference to such matters. The present case furnishes an illustration showing the wisdom of the law which prevents the administratrix from entering the appeal from so much of the judgment as affects the estate of her intestate. Upon the trial of the appeal the jury found in favor of the administratrix on her plea of plene administravit, and the effect of the finding was to discharge her from individual liability to the plaintiff. She thus appealed in behalf of the estate, and took advantage of the law allowing representatives of estates, when sued as such, to appeal without paying the costs and giving bond, and secured a judgment releasing her from individual liability.

The justice erred in refusing to dismiss the appeal, and a reversal of this judgment upon certiorari was proper.

*Judgment affirmed. All the Justices concurring.*