## 1178.  HANIE *v.* TAYLOR.

Courts of review are not created to review or correct errors, no matter how flagrant, which operate to the benefit of the party complaining thereof. The striking of a party defendant on appeal, against whom a judgment was rendered in a justice's court, operates to discharge such defendant from any liability on the cause of action which is thus, on appeal of one of the parties defendant, being investigated de novo.

Appeal, from Hart superior court—Judge Worley.  March 16, 1908.

Submitted July 15,—Decided July 25, 1908.

*W. L. Hodges,* for plaintiff in error.  *J. H. Skelton,* contra.

RUSSELL, J.  Taylor brought suit against Naomi F. Hanie, as principal, and A. P. Hanie, as security, on a note.  Judgment was obtained in the justice's court against both defendants.  From this judgment an appeal was entered to the superior court.  When the case was called for trial on the appeal, counsel for defendants moved to amend the appeal bond, by adding the name of Naomi F. Hanie, principal, per A. P. Hanie, agent or attorney in fact. The amendment also alleged that Naomi F. Hanie authorized A. P. Hanie to enter appeal for her, and that she ratified his au-

35

thority in writing and in open court. The superior court disallowed this amendment, and, after disallowing the amendment, granted a motion of the plaintiff's counsel, striking N. F. Hanie as a party to the suit on appeal. Exception is taken to both rulings.

There can be no question that the court erred in striking Naomi F. Hanie, as a party defendant, from the suit. An appeal is a proceeding de novo, and calls for an investigation of the merits of the whole case, and brings up all of the parties to a suit, regardless of whether they may have appealed or not. Every party to the case in the lower court has the right to appear and defend or prosecute the action, as the case may be. Civil Code, §4469. The early decisions of the Supreme Court as to effect of the appeal upon parties not appealing are rendered nugatory by the provision of the code which was adopted subsequently to the time when these opinions were delivered. This fact was adverted to by Judge Lumpkin in *Pierce* v. *Chapman,* 31 *Ga.* 674.

In the present state of the law, all defendants, except those in whose favor the judgment may have been rendered in the lower tribunal, are brought before the court trying the appeal and are bound by its decision, even though only one of several defendants may have entered an appeal. *Lewis* v. *Armstrong,* 69 *Ga.* 752; *Murray* v. *Marshall,* 106 *Ga.* 522 (32 S. E. 634). In this case, therefore, whether the judge was right or not in holding that only A. P. Hanie appealed, the effect of A. P. Hanie's appeal was to institute an investigation de novo into the liability of N. F. Hanie. The effect of the appeal was to set aside the judgment in the justice's court against her as effectually as that against A. P. Hanie. Even though she may not have appealed, it was her right to participate in the defense of the case, and to urge any proper legal reason why judgment should not be entered against her in the superior court, which, by law, she was entitled to use. The judge erred in striking her name from the case, but inasmuch as the result of this action upon his part was to relieve her absolutely of any liability upon the note (the judgment heretofore rendered in the justice's court being destroyed by the appeal of A. P. Hanie), nothing is presented in her bill of exceptions of which she has a right to complain; and for that reason the judgment of the lower court must be affirmed. A bill of exceptions must not only show

error, but also injury, before the courts will be called upon to af-·ford relief. In, the present case, as Naomi F. Hanie has been re-lieved from all liability upon the note, by the action of the judge in striking her as a party to the case upon appeal, the effect of her bill of exceptions is merely to ask an opportunity to be held liable when she has already been discharged.     *Judgment affirmed.*