TEASLEY, guardian, *v.* CAMPBELL, by next friend.

An appeal lies to the superior court from a decision of the court of ordinary rendered in proceedings to revoke letters of guardianship, and the court below erred in holding to the contrary.

Submitted June 13,—Decided November 20, 1909.

Appeal. Before Judge Worley. Hart superior court. September 25, 1908.

*A. A. McCurry,* for plaintiff in error.

*W. L. Hodges* and *A. S. Richardson,* contra.

BECK, J. Myrtice Vickery Campbell, by her next friend, brought proceedings in the ordinary's court of Hart county against T. W. Teasley, the defendant in error, to revoke letters of guardianship which had been granted to Teasley. Upon the hearing the application was granted and the letters of guardianship revoked. An appeal was entered from the court of ordinary to the superior court of Hart county; and when the case came on for trial, upon motion of counsel for the defendant in error the court dismissed the appeal, "on the ground that the defendant had no right to appeal from the decision of the court of ordinary in this case, the same being purely a question of law, and that defendant's only remedy was, by certiorari." To this ruling the plaintiff in error excepted.

The court erred in dismissing the appeal from the decision made by the court of ordinary. It is provided in the Civil Code, §4454, that "An appeal lies to the superior court from any decision made by. the court or ordinary, except an order appointing a temporary administrator." And in the case of *Maloy* v. *Maloy,* 131 *Ga.* 579 (62 S. E. 901), it was ruled: "A decision of the court of ordinary, overruling objections to the application of an administrator or guardian for a discharge, and granting such discharge, is one from

which an appeal will lie to the superior court, ·though no issue of fact be involved. Civil Code, §§4454, 5852; *Comer* v. *Ross,* 100 *Ga.* 652 (28 S. E. 387)." Other decisions might be cited, but the code section referred to and the case from which the above excerpt is taken, together with the authorities there relied on, are controlling. The decisions cited by counsel for defendant in error are not in point. They relate to the jurisdiction of the superior court to correct errors by a writ of certiorari to the judgment of the ordinary, and in no way affect the provisions of the code section quoted in reference to appeals from the court of ordinary.

*Judgment reversed. All the Justices concur.*