## THOMPSON v. STEPHENS, and *vice versa.*

1. Where in a bill of exceptions it is recited that the same was tendered within the time prescribed by law, the writ of error will not be dismissed because of the failure of the presiding judge to certify the same within the statutory period, unless it be made to appear that his failure to do so was caused by some act of the plaintiff in error or his counsel.

2. In a citation by a legatee against an executor for a settlement before the ordinary, a personal judgment is intended. But if, instead of a personal judgment against the executor, a judgment against the assets of the estate in his hands is entered, and the executor enters an appeal to the superior court from such judgment by a pauper affidavit in which he deposes that as executor he is unable to pay the costs or give the security required by law, such appeal will not be dismissed on the ground that it should have been made by the executor as an individual.

3. A provision in a will as follows: "I desire that my present crop be

appropriated to payment of the debt due J. T. Stephens, as he has been kind to me, and balance to my other creditors," is not a legacy to the named creditor of an amount equal to his debt against the testator. It is an expression of the desire of the testator that in the payment of his debts from a specific fund the indebtedness of the named creditor shall be first extinguished.

MAY 17, 1912.

Appeal. Before Judge Roan. Campbell superior court. February 18, 1911.

*Moore & Pomeroy* and *W. W. Hood,* for Thompson.

*J. F. Golightly,* contra.

EVANS, P. J. 1. On the call of the case in this court a motion was made to dismiss the bill of exceptions, on the ground that it was tendered more than thirty days after the rendition of the judgment and the adjournment of court. The bill of exceptions recites that it was presented within the period allowed by law, and there is nothing in the record to negative the fact that, although the bill was certified more than thirty days after the judgment complained of, it was not presented within the statutory period. Under the ruling in *Proctor* v. *Piedmont Portland Cement Co.,* 134 *Ga.* 391 (67 S. E. 942), the motion can not prevail.

2. The case arose in this way: J. T. Stephens filed a petition to the court of ordinary, alleging, that Samuel Thompson died testate, and his will was duly probated in solemn form; that James R. Thompson qualified as executor of the will, and has received large sums of money from the sale of real estate of his testator; and that petitioner is a legatee under the will, and is entitled to the sum of $250 or other large sum; and he prays a rule nisi against the executor for an accounting and settlement of his legacy. The executor answered the petition, denying that the plaintiff was a legatee in his testator's will. The ordinary adjudged that the plaintiff was a distributee of the estate of Thompson and entitled to receive $298.11, "which James R. Thompson, executor of Samuel Thompson, is due to J. T. Stephens. And it is ordered, that on the payment by the said James R. Thompson to J. T. Stephens of said amount of $298.11, he be relieved from said obligation by said Stephens, and, on his failure to pay said sum of $298.11 within four days from this date, that execution issue in favor of J. T. Stephens against James R. Thompson, executor of Samuel Thompson, deceased, to be made of the goods and chattels, lands and ten-

ements of said Samuel Thompson, to cover the said sum of $298.11, with all costs of these proceedings." The defendant entered an appeal to the superior court in forma pauperis, reciting that he is advised and believes that as such executor he has good cause of appeal, and that owing to the poverty of the estate of Samuel Thompson the defendant as executor is unable to pay the cost or give the security required by law in case of appeal. A motion was made in the superior court to dismiss the appeal, on the ground that the judgment was personal against the executor, and that his affidavit in lieu of paying the costs or giving the bond was predicated, not upon his own poverty, but upon that of the estate which he represented. The court refused to dismiss the appeal. The petition for settlement in the court of ordinary was against the executor, and the judgment rendered was a judgment not against the executor de propriis, but de bonis testatoris. In a citation proceeding in the court of ordinary for a settlement, by a legatee against an executor, a personal judgment is intended; and if such a judgment is rendered, an appeal can not be taken by the executor without paying costs and giving security, or making oath of his inability so to do. *Hickman* v. *Hickman*, 74 *Ga.* 401. But no personal judgment was rendered in this case; the judgment was rendered against the assets of the testator in his hands. If the executor had entered a personal appeal, he would have been met with the objection that there was no judgment against him and therefore he could not appeal. As the judgment stood against the assets of his testator in his hands, the adverse party in the judgment is the estate of his testator, and the only appeal which could be entered was by the party adversely affected by the judgment. It may be true that the code section (Civil Code, § 5009), which prescribes that an executor when sued as such, or defending solely the title of the estate, may enter an appeal without paying costs and giving bond, does not apply. But Civil Code, § 5010, does provide for an appeal from a proceeding in the court of ordinary, by any party who will make and file an affidavit in forma pauperis as there described. The plaintiff, having entered up a judgment against the estate of the testator, should not be allowed to have an appeal in forma pauperis by the executor dismissed, and thus deny the adverse party to the judgment the privilege of an appeal. See *Barfield* v. *Hartley*, 108 *Ga.* 435 (33 S. E. 1010).

3. By consent the case was tried by the judge without the intervention of a jury, and the controlling question was the construction of the will of Samuel Thompson. It was the contention of the plaintiff Stephens that he was a legatee under the will; the executor denied that he took anything under the will as a legatee. The testator devised and bequeathed his property to his wife and children. The third item of his will contained this clause: "I desire that my present crop be appropriated to the payment of the debt due J. T. Stephens, as he has been kind to me, and balance to my other creditors." This is the clause of the will in which the plaintiff Stephens insists that the testator bequeathed to him as a legacy an amount equal to his debt. The code declares: "A specific legacy is one which operates on property particularly designated. A gift of money to be paid from a specified fund is nevertheless a general legacy." Civil Code, § 3902. A demonstrative legacy is one of a certain amount or quantity, the particular fund or personal property being pointed out from which it is to be paid or taken. It differs from a general legacy in that it does not, in the first instance, abate upon insufficiency of assets, and from a specific legacy in that there is recourse for its payment from the general estate in the event of ademption. Gardner on Wills, 554; *Hutchinson* v. *Fuller, 75 Ga.* 88. The provision in the will was neither a specific nor a demonstrative legacy. The will was executed in the middle of the year, and this clause indicates the testator's purpose to have his debts paid from the crop of the current year, with the direction that his creditor, Stephens, shall be given a preference in priority of payment over his general creditors. The testator's language is clear that his present crop is appropriated to the payment of all of his debts; and it might be contended that all of his creditors were made legatees to the extent of his indebtedness to them, with as much force as to say that the one who is named, and to whom the testator sought to give preference in payment, is a legatee. There is nothing in the context that requires a different construction; and we think the court erred in awarding judgment in favor of Mr. Stephens on the footing that he was a legatee.

*Judgment reversed on main bill of exceptions, and affirmed on cross-bill. All the Justices concur.*