### 10508.  WEBB, administratrix, *v.* WEBB, administrator.

JENKINS, P. J.  1. While, under the provisions of section 5009 of the Civil Code (1910), an administrator, when sued as such, or when defending solely the title of the estate, may enter an appeal from the court of ordinary to the superior court without paying costs and giving bond and security, or making oath as to his inability so to do, in no other case can he do so.

2. In a citation proceeding in the court of ordinary by a distributee against an administrator, a personal judgment is intended (*Thompson* v. *Stephens*, 138 *Ga.* 205, 207, 75 S. E. 136; *Everett* v. *Sparks*, 107 *Ga.* 48, 32 S. E. 878, 73 Am. St. R. 107); and such a judgment having been rendered against the administratrix in this case, and the administratrix having desired to take an appeal, she could not do so without paying costs and giving bond and security, or making oath as to her inability so to do; and the appeal having been taken without such requisites, it was properly dismissed. *Hickman* v. *Hickman*, 74 *Ga.* 401; *Bryson* v. *Scott*, 111 *Ga.* 196 (36 S. E. 619).

(a) The mere fact that the administratrix in this case set up by way of defense that the plaintiff was not entitled to the share claimed by him, because of the fact that those from whom he claimed to have purchased it denied his title thereto, would not operate to convert the personal proceeding against the administratrix into a proceeding against the estate. By interposing such a defense the administratrix was not "defending solely the title of the estate;" nor was the judgment rendered one against "the assets of the estate," but it was a personal one against the administratrix.

Judgment affirmed. Stephens and Smith, JJ., concur.

DECIDED NOVEMBER 19, 1919.

.Appeal; from Elbert superior court—Judge Hodges. March 11, 1919.

J. T. Sisk, for plaintiff in error. Z. B. Rogers, contra.