24102. GOODWYN, administratrix, *v.* VEAL.

Decided February 12, 1935. Rehearing denied February 26, 1935.

*Beall & Beall, R. D. Jackson, Willis Smith,* for plaintiff.
*Boykin & Boykin, Smith & Millican,* for defendants.

Sutton, J. Fannie Veal, a distributee of the estate of Mrs. E. A. Roop, cited the defendant administratrix, Mrs. Bessie Goodwyn, under the Civil Code (1910), § 4073, for a settlement. The administratrix set up in response thereto that the estate was not yet ready for distribution, as she had not collected all due it. Upon the hearing before the ordinary, he rendered an order or judgment allowing and disallowing certain claims, and finding that $2334.77 had come into the hands of the administratrix, and that after paying the claims allowed, in the sum of $1077.41, the administratrix had on hand $1257.36 belonging to the estate, and ordered that the same be paid out to the heirs at law as therein provided. From this judgment the administratrix appealed to the superior court, and the appeal was dismissed because of her failure to pay the costs and give bond or file an affidavit in forma pauperis, and to this judgment she excepts.

"An appeal lies to the superior court from any decision made by

the court of ordinary except an order appointing a temporary administrator: Provided, that whenever an appeal shall be taken from a decision of the ordinary, made under section 3978 of this code, such appeal shall not operate as a supersedeas, unless the executor or administrator shall first give a good and sufficient bond, payable to the ordinary and his successors in office, in such sum as the ordinary may require (not exceeding the amount of the estate in the hands of the administrator), conditioned to pay all costs and damages that may accrue to the estate pending the appeal." Civil Code (1910), § 4999. "In all cases in the court of ordinary, the party desiring to appeal, his attorney at law, or in fact, shall pay all costs that may have accrued, and give bond and security to the ordinary for such further costs as may accrue by reason of such appeal; this being done, the appeal shall be entered." Civil Code (1910), § 5011. "When any party, plaintiff or defendant, in any suit at law or proceeding in the court of ordinary, shall be unable to pay costs and give security, as required by law, if such party will make and file an affidavit in writing that he is advised and believes that he has good cause of appeal, and that owing to his poverty, he is unable to pay such costs, or give the security required by law in cases of appeal, such party shall be permitted to enter an appeal without the payment of costs or giving security, as the case may be." Civil Code (1910), § 5010. "Executors, administrators, and other trustees, when sued as such, or defending solely the title of the estate, may enter an appeal without paying costs and giving bond and security as hereinbefore required; but if a judgment should be obtained against such executor, administrator, or other trustee, and not the assets of the estate, he must pay costs and give security as in other cases." Civil Code (1910), § 5009. It was under this last section of the code that the defendant administratrix sought to appeal from the judgment of the court of ordinary in this case.

Plaintiff in error contends that the judgment rendered by the ordinary is a judgment de bonis testatoris and defendant in error contends that it is a judgment de bonis propriis. According to the view we take of this case, the trial judge was correct in dismissing the appeal, regardless of whether the judgment appealed from was one de bonis testatoris or one de bonis propriis, because section 5009 of the Civil Code (1910), does not apply to appeals from the

court of ordinary. It was held in *Hobbs* v. *Cody,* 45 *Ga.* 478, that "Section 3553 [4999] of the Code, allowing appeals from the judgment of the ordinary, is general, and applies to all cases. The constitution also gives this right of appeal from the ordinary. Section 3567 [5011] also fixes the terms on which the appeal shall be allowed. It would be judicial legislation for us to fix other terms. Indeed, the legislature, by the act of 1866, Code, section 3553 [4999], has provided other terms than were fixed by the old Code, in one special case. We do not feel authorized to make another exception. Section 3559 [5003], without doubt, applies to appeals from other courts than courts of ordinary, since section 3553 [4999] had made other terms for such appeals. So section 3565 [5009] must be confined to appeals from other courts than courts of ordinary, for the reason that section 3567 [5011], in almost the next breath, provides that in all cases in the court of ordinary the party desiring to appeal shall pay the costs and give security for further costs; and this being done, the appeal shall be entered. So that we can see no ground for the belief that any other terms have been prescribed for appeals from the ordinary than those fixed in section 3567 [5011] of the Code." At the time this decision was rendered, the Civil Code (1910), § 5010, providing for appeals in forma pauperis, had not been made applicable to appeals from the court of ordinary; but it was amended to so apply by the act of September 24, 1879. *Fite* v. *Black,* 85 *Ga.* 413, 414 (11 S. E. 782). Section 5009 was effective when the decision in the *Hobbs* case was rendered and was dealt with therein. This decision has never been overruled, so far as we have been able to ascertain. Also, it was held in *Hickman* v. *Hickman,* 74 *Ga.* 401, that "Where an executor is sued as such, and is called upon to defend solely the title of the estate, he may appeal from the court of ordinary to the superior court without paying costs and giving security; but in no other case can he do so. Therefore, where an executor was cited to appear and settle his accounts and pay over to the legatees the amounts to which they were entitled, and from the judgment rendered the executor desired to take an appeal, he could not do so without paying costs and giving security; and an appeal taken without such requisites was properly dismissed. Code, §§ 3622, 3624; 45 *Ga.* 480; 60 *Id.* 326."

In *Thompson* v. *Stephens,* 138 *Ga.* 205 (75 S. E. 136), which

was an appeal case from the court of ordinary, where an executor had been cited for an account and settlement, Justice Evans, writing the opinion for the court, said "It may be true that the code section (Civil Code, § 5009) which prescribes that an executor when sued as such, or defending solely the title of the estate, may enter an appeal without paying costs and giving bond, does not apply." The appeal in that case, however, was entered by making an affidavit in forma pauperis, as provided in the Code, § 5010.

The court has given careful consideration to the decisions in *Bryson* v. *Scott*, 111 *Ga.* 196 (36 S. E. 619) ; *Webb* v. *Webb*, 24 *Ga. App.* 464 (101 S. E. 200), and all of the authorities cited in the briefs by the plaintiff in error and the defendant in error, and also Civil Code (1910), § 4088, *Merritt* v. *Merritt*, 66 *Ga.* 324, and *Williams* v. *Merritt*, 109 *Ga.* 217, 219 (34 S. E. 1012), to the effect that a personal judgment can not be rendered in any proceeding against an administrator where there is no plea of ne unques executor, or a release to himself, or plene administravit, or plene administravit praeter filed, on which the same can be based, and which has been determined against him; and we have reached the conclusion above stated that the trial judge was correct in dismissing the appeal in this case.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*