BRUCE *v.* DUNN, ordinary, *et al.*

DECIDED FEBRUARY 13, 1936. REHEARING DENIED FEBRUARY 29, 1936.

*Abram Levy,* for plaintiff in error.

*B. J. Stevens, Paul T. Chance,* contra.

SUTTON, J. Allie Ray Fouts was guardian of Violet Alethea Fouts, a minor. The ordinary of McDuffie County, ex mero motu, issued a rule directing the guardian to show cause why her letters should not be revoked. She filed an answer. On hearing the issue so formed, the court of ordinary passed an order revoking the letters of guardianship, and removing Allie Ray Fouts as guardian of Violet Alethea Fouts. Allie Ray Fouts-Bruce, in her individual capacity, appealed from this judgment, and filed an affidavit that from poverty she was not able to pay the cost, etc. On motion of the newly appointed guardian, the judge of the superior court dismissed the appeal and the appellant excepted.

1. If the ordinary knows, or is informed, that any guardian wastes or in any manner mismanages property, or does not take due care of the maintenance and education of his ward, or for any cause is unfit for the trust, the ordinary shall cite such guardian to answer such charge at some regular term of the court, when, upon investigation of his action, the ordinary may in his discretion revoke his letters, or pass such order as in his judgment is expedient under the circumstances of each case. Code of 1933, § 49-232. A guardian may be required to give additional bond and security as provided for by §§ 49-115, 49-116. Where a guardian is removed and his letters revoked upon rule issued by the ordinary under the Code, §§ 49-115, 49-116, 49-232, after a hearing on the answer to such rule filed by the guardian, such person may appeal to the superior court. *Teasley* v. *Campbell,* 133 *Ga.* 545 (66 S. E. 273); *Teasley* v. *Vickery,* 133 *Ga.* 721

(66 S. E. 918); *Wash* v. *Wash,* 145 *Ga.* 405 (89 S. E. 364); Code, § 6-201. Such an appeal may be made in forma pauperis. § 6-203.

2. It has been held that in a citation of an administrator or other trustee for settlement in the court of ordinary, a personal judgment is intended; and when such a judgment is rendered against the administrator or other trustee, in order to appeal he must either pay the costs or make the pauper affidavit required by law. He can not appeal as administrator or other trustee without paying the costs, under the Code, § 6-113. *Hickman* v. *Hickman,* 74 *Ga.* 401; *Thompson* v. *Stephens,* 138 *Ga.* 205 (75 S. E. 136); *Webb* v. *Webb,* 24 *Ga. App.* 464 (101 S. E. 200); *Goodwyn* v. *Veal,* 50 *Ga. App.* 657 (179 S. E. 126).

3. Proceedings to remove a person as guardian, under the Code, §§ 49-115, 49-116, 49-232, and to revoke his letters, are proceedings against such person as an individual, and not against the estate or trust he represents; and where such person is removed as guardian and his letters revoked, it is proper that he appeal therefrom as an individual. See 23 C. J. 1119, § 302 (5). The judge erred in dismissing the appeal.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*