## 72217. HUNT v. HENDERSON.
(344 SE2d 470)

DEEN, Presiding Judge.

On July 30, 1984, appellee, trustee of Reliance Trusts, filed a petition in the Probate Court of Lumpkin County pursuant to OCGA § 53-13-103 for the sale of approximately 1,160.79 acres of real property owned by the trusts. The probate court ordered that the beneficiaries of the trusts be served with a copy of the petition, the order requiring service, and set a hearing date on the proposed sale. Hugh Hunt, a

beneficiary of the trust, resided out of state and was served by certified mail and received service of the petition and order on August 20, 1984, through an authorized agent. Hunt filed no response in the probate court. Only one trust beneficiary, Ronald A. Cartledge, responded to the petition and contested the terms of the sale as proposed by the trustee. None of the proceedings filed on behalf of Cartledge indicated that he was acting other than in his own behalf. After discovery was completed, the court held a hearing on the proposed sale and authorized it on October 4, 1984. Cartledge then filed a notice of appeal on his own behalf in the Superior Court of Lumpkin County. Settlement negotiations began between Cartledge and the trustee, which culminated in a settlement agreement which was signed by Judge Kenyon on September 23, 1985, and filed on October 1, 1985. On September 27, 1985, Hunt filed a motion to intervene. In his brief supporting the motion, he alleged that the agreed upon sale price was grossly inadequate because it did not represent the fair market value of the property. On October 11, 1985, Hunt filed a motion to set aside the consent order contending that he should have been a party to the appeal and that the proposed sale of the property constituted a waste of trust property.

Both motions were heard by Judge J. D. Smith and denied on the basis that "Mr. Hunt failed to answer in probate court, even though he had notice of those proceedings. A party cannot sit idly by when given notice that he is a party to an action with the expectation that, in the event the outcome is unfavorable to his position, he can still elect to participate in later proceedings in the matter. The fact that the instant appeal is a trial *de novo* does not make the motion timely. Appellee should not have to prepare himself against a party who declined an opportunity to enter the case at the probate level." Hunt appeals, contending that the court erred in failing to grant his motion to intervene. *Held*:

OCGA § 5-3-2 grants a party the right to an appeal from any decision made by the probate court to the superior court except an order appointing a temporary administrator. Under OCGA § 5-3-4, "[w]hen there is more than one party plaintiff or defendant, and one or more of the parties plaintiff or defendant desires to appeal, and the others refuse or fail to appeal, the party plaintiff or defendant desiring to appeal may enter an appeal in the manner provided by law." OCGA § 5-3-20 (a) provides that "[a]ppeals to the superior court shall be filed within 30 days of the date the judgment, order, or decision complained of was entered." Under OCGA § 5-3-5, "Upon the appeal of either party plaintiff or defendant, as provided in Code Section 5-3-4, the whole record shall be taken up and *all shall be bound by the final judgment*." (Emphasis supplied.) An appeal suspends, but does not vacate, a judgment. OCGA § 5-3-7. "An appeal to the superior

court from . . . the probate court . . . is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case." OCGA § 5-3-29.

The above code sections have been interpreted as providing that although only one of the coparties appeals, all of the coparties who have the same interests and rights are also a party to the appeal. The appealing party therefore cannot dismiss the appeal to their prejudice, as the other parties' rights on appeal are equal to those of the party making the appeal. *Metzger v. Steed*, 132 Ga. 822, 828 (65 SE 117) (1909). All parties who are brought up under this section, whether they have filed an appeal or not, have the right to appear and prosecute or defend, whichever the case may be. *Hanie v. Taylor*, 4 Ga. App. 545 (61 SE 1054) (1908). "Inasmuch as an appeal, though entered by one only of two or more joint defendants against whom a judgment had been rendered, brings up the whole record, requires a de novo investigation, and entitles all the parties 'to be heard on the whole merits of the case,' and as all are bound by the result, it follows that a defendant, though not joining in the appeal, *may in the court appealed to make any timely and appropriate amendment to a plea or answer already entered.*" (Emphasis supplied.) *Murray v. Marshall*, 106 Ga. 522 (32 SE 634) (1899). See also *Bryson v. Scott*, 111 Ga. 196 (36 SE 619) (1900). "Generally, the same procedural rules apply in a de novo review as in any other civil case before the trial court." *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16) (1981).

In the instant case, Hunt sought to intervene in the appeal. His motion does not state that he wishes to file any type of pleading or defense to the proposed sale. In his brief supporting the motion, he claims that the contract price for the land was not the fair market price of such property, that the inadequate sales price would constitute waste of the trust property, and that the compromise between Henderson, as trustee, and Cartledge is for an inadequate price which results in an irrevocable loss to the beneficiaries.

Under the case law set forth above, it is undisputed that Hunt was a party to the appeal even though he did not file an appeal directly, and that he was entitled to file timely and appropriate pleadings and defenses under the rule set forth in *Murray v. Marshall*, supra. He therefore did not need to file a motion to intervene. Intervention is defined as, "the procedure by which a third person, not originally a party to a suit, but claiming an interest in the subject matter, comes into the case, in order to protect his right or interpose his claim." Black's Law Dictionary, 736 (5th ed. 1979).

As *de novo* proceedings are governed by the Civil Practice Act, we turn to it for guidance. OCGA § 9-11-15 provides for the filing of

amended and supplementary pleadings, and subsection (a) provides that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires." While the right to amend is very broad, it may not be exercised after the case has been tried and judgment rendered therein. *Christopher v. McGehee*, 124 Ga. App. 310, 312 (183 SE2d 624) (1971). Hunt filed his motion five days after Judge Kenyon signed the order, but four days before it was filed. In his motion, he states no reason for desiring to be made a party to the appeal and gives no reason for waiting to enter the appeal until approximately one year after Cartledge filed the appeal from probate court. His brief, however, gives his reason for wanting to be an active party to the appeal. Assuming *arguendo* that his brief is adequate as a pleading under the above-stated case law, and that he should have been permitted to become an active party to the appeal because neither a pretrial order nor a final judgment had been entered, Hunt has not enumerated as error the failure of the court below to set aside the consent order. Because he has not enumerated as error the failure of the court below to grant this motion, his appeal must fail.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986.

*Troy R. Millikan*, for appellant.

*Daniel J. Sammons, Samuel L. Oliver, R. David Syfan*, for appellee.