## TURK *vs.* COOK.

1. An assignment of a chose in action must be in writing. The meaning of a legal assignment is a transfer of title or interest by writing.
2. Where a county judge failed to answer a *certiorari*, there was no error in the court's stating to counsel for defendant in *certiorari* that unless he would waive the answer the case must be continued.

Assignment. Contract. *Certiorari.* Practice in the Superior Court. Before Judge LAWSON. Jasper Superior Court. April Term, 1879.

To the report contained in the decision it is only necessary to add, that one ground of exception was, that when the case was called at the second term of the superior court after the *certiorari* was sued out, defendant's counsel called attention to the fact that it had not been answered, and the court stated that the case would be continued, unless counsel would waive an answer. He waived it, and the case proceeded.

C. W. JORDAN, by Z. D. HARRISON, for plaintiff in error.

KEY & PRESTON; GEO. T. BARTLETT, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* to the county court of Jasper county. It appears from the record that Turk sued Cook on an account for $11\frac{1}{2}$ bushels of wheat, of the value of $23.00; and it also appears that the wheat was claimed as toll for threshing the defendant's crop of wheat, by a company composed of Leverett, Aiken, Lancaster, and Turk, the plaintiff, who were partners in the wheat-threshing business. One witness testified that on division, this claim on the defendant was assigned to Turk, the plaintiff. The county court gave judgment for the plaintiff for the amount of his account, and Cook sued out a *certiorari* and brought the case to the superior

court. On the hearing of the case, the court sustained the *certiorari* on the ground that the plaintiff, Turk, had no right to bring suit in his individual name on the demand sued on. Whereupon Turk, the defendant in *certiorari*, excepted.

1. The controlling question in this case, is whether the plaintiff, Turk, had such an interest in the account sued on as would entitle him to maintain a suit thereon in his own name. By the 2244th section of the Code, all choses in action arising upon contract may be assigned so as to vest the title in the assignee, but the assignment must be in writing; that, in our judgment, is the proper interpretation of this section of the Code. An assignment in law, as defined by Webster in his dictionary, " is a transfer of title or interest by writing," and this construction of that section of the Code above cited, is in accordance with sound public policy. There being no evidence in the record of any written assignment of the chose in action to the plaintiff, Turk, we affirm the judgment of the court below in sustaining the *certiorari*.

2. There was no error in the court's saying to the counsel for defendant in *certiorari*, that it would continue the case unless he would waive the answer of the county judge to the *certiorari*.

Let the judgment of the court below be affirmed.