FARRAR *v.* BRACKETT.

1. On the trial for an action for damages for instituting a suit in trover maliciously and without probable cause, it was not error for the court to charge that "if the bail-trover case was brought in bad faith, and was unfounded and malicious, the jury could give to the plaintiff reasonable counsel fees for defending that suit."

2. In the trover suit the jury having found that the plaintiff therein had no right or title to one of the mills sued for, and having required him to return it to the opposite party, it was proper that he should pay a reasonable rent for the mill while in his possession. The jury might give the highest or lowest amount proved, or any intermediate amount.

3. To make the failure to charge as requested reversible error, the request must be in writing as required by the rule of the superior court.

4. The suit being for a tort and the damages caused thereby, and there being but one count in the declaration, the rent or hire was alleged simply as a part of the damages.

5. A charge not authorized by evidence should be refused.

(a) The transfer without recourse of notes given for part of the price of a mill, did not place the title to the mill in the person taking the notes, because when the person transferring them received the money thereon, he was paid, and the title to the mill passed into the maker of the notes, of whom the purchaser of them was but an ordinary creditor. This purchaser was, therefore liable to him for the full value of the mill for rent while illegally in possession of the purchaser. The question of the right of possession was settled by the verdict in the trover suit.

6. The declarations of an attorney made during the pendency of a case, out of the presence and hearing of his client, are not admissible to prove malice on the part of the client.

(a) The verdict is sustained by the proof of special damages alone, but the amount allowed for attorney's fees is too large. If the plaintiff will write off the sum of $80, the judgment will stand affirmed; otherwise, a new trial is granted.

December 23, 1890.

Malicious suit. Attorneys' fees. Charge of court. Practice. Damages. Verdict. Evidence. Before Judge MILNER. Whitfield superior court. October term, 1889.

Reported in the decision.

W. K. MOORE, for plaintiff in error.

T. R. JONES and R. J. & J. McCAMY, contra.

SIMMONS, Justice.

It appears from the record in this case that in April, 1886, Farrar sued Brackett in bail-trover for a steam-engine and two saw-mills, one a "Wheeler mill," and the other a "Hill mill." Brackett not being able to give the security required by the code in cases of bail-trover, Farrar gave security and took possession of the property. On the trial of the case in August, 1888, Farrar recovered the engine and Wheeler mill, and Brackett recovered the Hill mill. In September, 1888, Brackett brought his action against Farrar for damages, alleging that Farrar "instituted the action of trover for a

saw-mill and fixtures maliciously and without probable cause, and had bail-process issued, and under it the mill and fixtures were seized," etc., and that Farrar having obtained possession of the mill and fixtures, converted the same to his own use, and received rent therefor during the time he was in possession of the mill, and otherwise damaged said mill. The jury returned a verdict for the plaintiff, and the defendant moved for a new trial, which was refused, and he excepted.

1. There was no error in charging as complained of in the motion for a new trial, that " if the bail-trover case was brought in bad faith and was unfounded and malicious, the jury could give to the plaintiff reasonable counsel fees for defending that suit." Our code, §2942, expressly declares that if the defendant has acted in bad faith, the jury may allow counsel fees.

2. Nor was there any error, under the facts of this case, in charging " that if the property was in the possession of Farrar during the pendency of the trover suit, and he used it or allowed others to use it, the plaintiff would be entitled to reasonable rent or hire for the time it was in his possession." The jury having found in that suit that Farrar had no right or title to the Hill mill, and by their verdict required Farrar to return it to Brackett, we think it was right and proper that Farrar should pay a reasonable rent for the Hill mill while in his possession. And the court did right in charging the jury on the subject of rent, that they might give the highest or lowest amount proved, or any intermediate amount; which charge is complained of in the next ground of the motion.

3. Nor was it reversible error to fail to charge upon a collateral matter, as complained of in the latter part of this ground. To make the failure to charge a request reversible error, the request must be made in writing, as required by the rules of the superior courts.

v 86-30

4. Nor was the verdict illegal, as complained of in the next ground. The suit was for a tort and the damages caused thereby, and there was but one count in the declaration; and the rent or hire was alleged simply as part of the damages. We know of no rule of pleading in actions of tort which would prevent the plaintiff from alleging general damages for a malicious suit and the special damages occasioned him by the suit.

5. The court did right in refusing to charge as requested by the defendants, "that if Farrar purchased from Robert Hill the five promissory notes, and at the same time bought Hill's right and title, the plaintiff would not after that be entitled to recover full rents without paying or offering to pay balance of purchase money due." We have searched this evidence carefully, and cannot find sufficient evidence to authorize this charge. We find no evidence that Farrar purchased from Hill his right and title to the mill, but only that he purchased from Hill five notes, and that Hill transferred them to Farrar without recourse. The transferring of the notes by Farrar to Hill without endorsement or guaranty, did not place the title that Hill had to the mill in Farrar, because when Hill received the money from Farrar on the notes and transferred them to him, Hill was paid, and the title of the mill passed into Brackett, and Farrar, the purchaser, was only an ordinary creditor of Hill. *Carhart* v. *Reviere*, 78 *Ga.* 173; *Hunt* v. *Harbor*, 80 *Ga.* 746. The title to the mill, therefore, being in Brackett, he had the right to recover the full value of the mill for rent while illegally in the possession of Farrar, without offering to pay Farrar what he owed him on the notes purchased from Hill. Moreover, the verdict of the jury in the trover suit settled the question of the right to possession in favor of Brackett and against Farrar.

6. Pending the trial of the case in the court below,

the plaintiff, over the objection of the defendant, intro-
duced in evidence certain sayings or declarations of
W. C. Glenn, attorney for Farrar, made in the court-
house during the pendency of the trover suit in Murray
county; and this is complained of in the 6th ground of
the motion. We think this ruling of the court admit-
ting these declarations was erroneous. It was argued
before us that they were admissible because they tended
to show malice on the part of Farrar in suing out the
bail-process. It was not shown that Farrar was present
at the time the declarations were made, or that he ever
ratified them. And we cannot see how the declarations
of an attorney made during the pendency of the case
could be admissible to prove malice on the part of his
client, especially as it appears that the client did not
hear them and was not even present at that term of
the court. If we could ascertain from the record that
this testimony increased the damages one dollar against
the defendant, we would grant a new trial on this ground;
but we find that, leaving out the question of general
damages entirely, the verdict is sustained by proof of
special damage. It appears that Farrar kept the Hill
mill in his possession about two years and four months,
and the preponderance of the testimony is that the mill
was worth $15 per month during that time; besides,
there were some portions of the mill which Farrar did
not return. We therefore would not reverse the case
upon this ground alone; but under the evidence we
think the jury allowed too large an amount for attor-
neys' fees. The only witness who testified about the
value of those fees testified that the defence of the suit
in Murray county was worth $100. It will be remem-
bered that in that suit Farrar recovered the engine and
the Wheeler mill. They were worth from $1,800 to
$2,000. Brackett recovered the Hill mill, which was
worth about $275. The jury having found that Farrar

was entitled to the engine and mill, worth from $1,800 to $2,000, and that Brackett was only entitled to the mill worth $275, the jury should not have allowed him in this suit to recover attorneys' fees for defending that part of the suit which he lost. And as the property which he failed to recover was worth more than six times as much as the property he did recover, and as the proof showed that the service as to both pieces of property was worth $100, and the jury having found $100 attorneys' fees for the case in Murray county, when he was not entitled to that sum under the facts of the case, we grant a new trial in this case. If, however, Brackett and his counsel will voluntarily write off from said verdict the sum of $80, within thirty days from the time this judgment is made the judgment of the court below, the judgment will stand affirmed.

*Judgment reversed on condition.*