BURCH *v.* PEDIGO & LYONS, for use, etc.

When a promissory note for the purchase-money of personal property, which contains a reservation of title to the property in the payee until the note is paid, is by the payee transferred for value to a third person without recourse, the title reserved for securing the payment of the debt is divested ; and if, at the time of such transfer, the title so held is not likewise transferred to the purchaser of the note as a security in his hands, it vests in the maker, and the transferee becomes an ordinary creditor of such maker.

| 113 | 1157 |
|---|---|
| 116 | 375 |

| 113 | 1157 |
|---|---|
| 117 | 517 |
| 113 | 1157 |
| 120 | 585 |

| 113 | 1157 |
|---|---|
| e127 | 344 |

An action of trover, brought by the transferee in such a case, to recover posses-
sion of the property for which the note transferred was originally given, must
fail because of a want of title in the transferee.

Argued June 20,—Decided July 24, 1901.

Trover. Before Judge Reese. Lincoln superior court. December 5, 1900.

*John T. West* and *Charles A. Picquet,* for plaintiff in error.
*Colley & Sims,* contra.

LITTLE, J. An action of bail-trover was instituted against Burch,. in the superior court of Lincoln county, to recover possession of two mules. The plaintiffs were Pedigo & Lyons, suing for the use of B. H. Willis, and it appears from an admission of the parties that Burch gave to Pedigo & Lyons a promissory note for the purchase-price of the mules, which note contained a reservation of title in Pedigo & Lyons as security for the purchase-money of the mules, said reservation being to Pedigo & Lyons or order, until said note was paid. Defendant by his plea set up, that Willis was not a bona fide holder of the note for value before it became due, but that he held the same for the payees, and took the same after due with full notice; and that the note was given as a balance due on two mules, but that the payees had previously sold to the defendant a horse which failed to come up to a warranty which was made as to her soundness, and hence there was a failure of consideration in the purchase of said horse of $165; that the payees had agreed to refund him that sum, but had never done so; and he pleaded it as a set-off to this action. The note which was given for the mules was dated February 17, 1897, and due March 15, 1897. The transfer to Willis was written on the note in the following language: "For value received, we hereby transfer to B. H. Willis, or order, all our right and title to the within note, without any recourse on us. This the 14th day of March, 1899. [Signed] Pedigo & Lyons." It was admitted by the defendant that he was in possession of the property sued for. With this admission the plaintiff, having introduced the note referred to, closed. The defendant testified, in substance and in detail, to the facts set up in his plea, which evidence was, on motion of plaintiff's counsel, ruled out as irrelevant. There was no further evidence in the case, except that Willis, who is described as the usee, testified that the note did not belong to Pedigo & Lyons,.

the payees, but was his property, and was transferred to him for value received, without any understanding in relation thereto. He also testified that he knew nothing of any differences between the parties to the note in having a settlement, that it was not put in his name for the purpose of bringing the suit, that he knew nothing of the defendant's having a claim against the payees until after he had bought the note, and that the mules were worth $150. It was also shown that the note was duly recorded. Under the evidence the presiding judge directed a verdict for the plaintiff, as follows: " We the jury find for the plaintiff the sum of one hundred and sixty-one dollars, same being the face of the note, and interest thereon from maturity, and ———— dollars cost of suit." A judgment was rendered for the sums named against the defendant and the surety on his bail-bond. The defendant made a motion for a new trial, on the grounds, that the verdict was contrary to law and to the evidence; and that the trial judge erred in directing a verdict for the plaintiff, in excluding from the jury the evidence of the defendant, and in refusing to permit defendant's attorney to prove by the usee in the action what amount he paid for the note which was in evidence. The motion was overruled, and the defendant excepted.

It must be borne in mind that the action instituted was that of trover. We think that it is somewhat inconsistent, under the rules governing actions of this character, that one man should sue for the use of another, inasmuch as no one can recover as plaintiff unless he shows three things: right of possession of the property in himself, wrongful conversion by the defendant, and the value. This court ruled, in the case of *Mitchell* v. *G. & A. Ry.*, 111 *Ga.* 760, that " While . . 'mere possession of a chattel . . will give a right of action for any interference therewith,' such possession must be in the plaintiff's own right, and not as agent of another." And, in the same case, that " A petition brought in the name of a person who had not such possession, to recover personal property taken from him, can not be so amended as to proceed in the name of the plaintiff for the use of the real owner." In delivering the opinion in that case, in which very many of the principles applicable to the action of trover are contained, Mr. Justice Cobb said: " When, therefore, it appears that the legal right of action is not in the plaintiff, he has no right of action at all, either in his own name or

in that of another." However, as no exception was taken to the form of the action by demurrer or otherwise, we will interpose none. Furthermore it may be remarked, before passing to the main question which we think controls the case, that defendant pleaded a set-off. That such a plea can not be interposed in an action of trover, see *Harden* v. *Lang*, 110 *Ga.* 392. Again, the trial judge directed a verdict for the plaintiff for the amount of the note given for the balance of the purchase-money of the mules. This, we think, was clearly error. Indeed, we do not understand how the note had anything to do with the issues arising in this case, except, perhaps, for the purpose of showing that title to the mules was reserved to the seller. An action of trover is one to recover possession of an article which has been wrongfully taken from the possession of the plaintiff. The verdict ordinarily to be rendered thereon is either for the plaintiff or for the defendant. If a verdict is rendered for the plaintiff, its legal effect is that he shall have the property sued for, but by the Civil Code, § 5335, it is declared that the plaintiff shall have an option of saying whether he will demand a verdict for damages, or for the property and its hire, and it is the duty of the court to instruct the jury to render a verdict as he should thus elect (if he should be entitled to recover). While a money verdict may be found for the plaintiff in an action of trover, it but represents the damages he has sustained; and by another rule the amount of such damages may be the highest proved value of the property. In this case it does not appear that any election was made by the plaintiff at the trial. Considering the verdict alone, it was error on the part of the trial judge to instruct the jury to find a given sum of money in favor of the plaintiff.

But the controlling issue which compels a reversal in this case is that neither the plaintiff in the case nor his usee showed title to the property, to recover which the suit was instituted, to be in either; and this is easily determined from certain undisputed facts which appear in the record. These were: Pedigo & Lyons were the payees of the note given for the balance of the purchase-money of the mules; in that note title to the mules was reserved to Pedigo & Lyons, or order, until said note was paid. Pedigo & Lyons, for value received, transferred all their right and title to the note, without recourse on them, to Willis, or order. The effect of the reservation was, of course, to keep the title in Pedigo & Lyons until the

purchase-money was paid. But it must be noted that there is no evidence that they gave to Willis any title to the property. The transfer written on the back can not have this effect, for the matter transferred is the note; and while the transfer of a note reserving title may, if the transfer is unconditional, carry to the transferee title to the property which by the terms of the note is reserved to the payee, yet when that transfer is made by the payee, subject to the condition that the transferee shall have no recourse on the transferor in the event of non-payment, then an entirely different rule prevails. Pedigo & Lyons by virtue of this contract, which it was agreed was in the form of a negotiable instrument, held title to the mules until the note was paid. Such a title is sufficient to sustain an action of trover. It was in their power to transfer alone the debt represented by the note, to another. It was also in their power to transfer not only the debt, but also the title to secure the debt, which they had reserved. But when Pedigo & Lyons sold the note and received value for it, their debt was paid; and if they sold or transferred the note without at the time conveying to the purchaser the title to the property which they held as security for its payment, then the purchaser took the debt; the debt of Pedigo & Lyons was paid, and the title which they held as security for that debt, not having been conveyed, vested at once in the maker of the note, because of the fact that Pedigo & Lyons could have no further interest in the property; their debt, to secure the payment of which only was title in them reserved, having been paid, title was divested. It did not vest in the purchaser of the note, because it was not transferred with the note. It therefore vested at once in the maker of the note. In the case of *Farrar* v. *Brackett*, 86 *Ga.* 463, the facts were, that Farrar sued Brackett in bail-trover for a steam-engine and two sawmills. It also appeared that Farrar had purchased from Hill the notes given for one of the mills, but did not receive from Hill a conveyance of the mill, title to which had been reserved as security for the purchase-money, but Hill transferred simply the purchase-money notes to Farrar, *without recourse*. This court denied Farrar's right to recover in trover, and said: "The transfer without recourse of notes given for part of the price of a mill did not place the title to the mill in the person taking the notes, because when the person transferring them received the money thereon, he was paid, and the title to the mill passed into the maker of the

notes, of whom the purchaser of them was but an ordinary creditor." This ruling clearly denies both to Pedigo & Lyons, and to Willis, the right of recovery in an action of trover, under the evidence in this case; for the debt to Pedigo & Lyons was paid by the sale of the note to Willis, and the title to the mules, which the former had retained to secure their debt, was extinguished by the payment of their debt. Hence no further liability on the note could attach to Pedigo & Lyons, because they transferred the note, without recourse; and Willis could not recover, because he had no title to the mules, inasmuch as the title which Pedigo & Lyons held had never been transferred to him. Therefore it must be ruled that when Pedigo & Lyons transferred the purchase-money note which contained the reservation of title, without recourse, to Willis, not only was the title of Pedigo & Lyons extinguished, but, the debt having been paid, this title vested in the maker of the note. The verdict was, therefore, contrary to law, and the judgment overruling the motion for new trial is            _Reversed. All the Justices concurring._