### McCullough v. Pritchett.

CANDLER, J. 1. Where two persons executed jointly their promissory note, the consideration being the purchase-money of personal property, title to which was reserved in the vendor until the payment of the note, and the note was afterwards transferred without recourse, title to the property not being transferred to the purchaser of the note, the makers of the note thereupon became invested with title to the property. *Burch* v. *Pedigo*, 113 *Ga.* 1157.

2. The sale by one of the makers of the note to the other of all his interest in the property for the purchase-price of which the note was given, under a contract (of which neither the payee nor his transferee had notice) that the vendee would assume all liability on the note, did not defeat the right of the transferee of the note to recover of both the makers; nor was the liability of the one so selling discharged by the fact that the transferee bought from the other the personalty for the purchase of which the note was given.

3. Under the evidence no legal verdict could have been rendered in favor of the defendant, and it was therefore not error to direct a verdict in favor of the plaintiff.

4. Points raised by the motion for a new trial, which were not urged in the brief or argument of counsel, will be considered as abandoned.

　　　　　　　　*Judgment affirmed. All the Justices concur.*

Submitted June 13,—Decided July 13, 1904.

Complaint. Before Judge Adams. City court of Dublin. November 21, 1903.

McCullough and Bostick bought a sawmill, for which they gave joint notes providing that title to the property should remain in the vendors until payment of the notes. It was afterwards agreed between McCullough and Bostick that Bostick

should take the mill, operate it as his own, pay the notes, and own the property. Bostick, under this agreement, took the mill, operated it as his own, and paid the notes except one. While Bostick was in possession of the mill and after the notes had been recorded, he borrowed money from Pritchett, mortgaged the mill to him as security for the debt, and sold the mortgaged property to him. Pritchett afterwards bought the unpaid purchase-money note, which had matured, and which was transferred "without recourse," and brought this action on it, against both makers. The only defense made was by McCullough, who in his plea set up that the plaintiff, in dealing with Bostick, acted with notice of the unpaid note and of Bostick's agreement with him (McCullough) to pay it; also that the price paid by the plaintiff for the mill was much less than its value; that its value was more than sufficient to pay Bostick's debt to the plaintiff and the note sued on; and that under these facts McCullough's liability on the note was discharged. At the trial McCullough testified: "I think Pritchett knew, when he bought this mill from Bostick, that the title was in Mallory Brothers [the vendors]; don't remember why I think so. While I never had much to say to him about it, he knew we bought the mill on time from Mallory Brothers. Mallory Brothers reserved title to it; he was obliged to know that." Pritchett testified, that when he bought the mill he did not know that there was any outstanding indebtedness against it; that Bostick did not tell him there was, and did not tell him about the "Mallory Brothers' lien." The testimony was conflicting as to whether Pritchett paid full value for the mill. The court directed a verdict for the plaintiff. McCullough made a motion for a new trial, which was overruled, and he excepted.

*Davis & Sturgis*, for plaintiff in error. *J. B. Sanders*, contra.