## TOWNSEND *v.* SOUTHERN PRODUCT COMPANY.

1. An unconditional assignment of a note given for the purchase of personalty, wherein the seller retains title to the property sold until the purchase-money is paid, does not extinguish the security, but carries it along, and the title retained by the seller becomes vested in the assignee until the purchase debt is paid.
2. The title of such assignee will prevail over the lien of a subsequent mortgage, and this result is not altered because the assignee bought the property from the original purchaser after the execution of the mortgage, and took a bill of sale thereto, with a stipulation that the title was conveyed subject to liens of record.
3. Parol evidence is inadmissible to explain a plain and unambiguous stipulation in a written contract.

Submitted July 18, 1906.—Decided January 16, 1907.

Claim. Before Judge Parker. Clinch superior court. October 17, 1905.

*S. C. Townsend,* for plaintiff.

*R. G. Dickerson* and *Wilcox & Patterson,* contra.

Evans, J. This was a claim case. Townsend caused a mortgage fi. fa. to be levied upon certain personal property as the property of Snyder, and the Southern Product Company interposed a claim thereto. On the trial it appeared that the defendant in fi. fa. was in

possession of the property described in the levy, at the date of the execution of the mortgage. The property was purchased by Snyder from Lewis Patterson & Company, who took from Snyder a purchase-money note wherein title was retained in the seller until the purchase-price was paid. This note was recorded in the office of the clerk of the superior court of Clinch county on November 13, 1902. Subsequently Snyder mortgaged the property to Townsend, subject to the purchase-money note held by Lewis Patterson & Company, and this mortgage was recorded in the office of the clerk of the superior court of Clinch county on November 24, 1902. Afterwards Snyder sold this same property to the Southern Product Company, executing a bill of sale containing a clause to the effect that the title to the property was conveyed to the company "subject only to the liens of record in the office of the clerk of the superior court of Clinch county, Georgia." A short time after the purchase by. the Southern Product Company of the equity of redemption in this property from Snyder, it paid off the purchase-money note held by Lewis Patterson & Company, and caused the note to be assigned to it. Upon this evidence the judge directed a verdict for the claimant; whereupon the plaintiff in fi. fa. sued out a bill of exceptions, complaining of the direction of a verdict, and of the rejection of certain evidence which the court excluded.

1. The rule that where a vendor of land takes notes for the purchase-money, securing their payment by reservation of title in himself, which notes he afterwards transfers without recourse, and without any transfer of the reserved title, to a third person, this operates as a payment of the purchase-money and extinguishes the interest of the vendor in the land, is not applicable where the subject-matter of the sale is personalty, and the assignment of a note given for the purchase-money of personalty, where the title is retained in the seller until the purchase debt is paid, does not extinguish the security, but carries it on. The assignee is subrogated to the title which was vested in the original seller. *Cade* v. *Jenkins,* 88 *Ga.* 791. In this case it was held that "The fact that the assignment is made without recourse makes no difference." This decision was predicated upon the act approved October 22, 1887 (Acts 1887, p. 62.) Subsequently it was held that "When a promissory note for the purchase-money of personal property, which contains a reservation of title to the property in the payee until

the note is paid, is by the payee transferred for value to a third person without recourse, the title reserved for securing the payment of the debt is divested; and if, at the time of such transfer, the title so held is not likewise transferred to the purchaser of the note as a security in his hands, it vests in the maker, and the transferee becomes an ordinary creditor of such maker." *Burch* v. *Pedigo,* 113 *Ga.* 1157. The case of *Cade* v. *Jenkins* was not referred to in the case just cited, and there is a conflict between those cases as to the effect of such a transfer without recourse. However, in the *Burch* case it was recognized that such a transfer, if unconditional, would carry to the transferee the title reserved by the terms of the note, in the payee. The record in the present case shows that the transfer of the note reserving title was without condition, and it is therefore unnecessary to attempt to reconcile or point out the differences between the two cases cited. It might not be inappropriate to remark, in passing, that the principle announced in *Burch* v. *Pedigo* has been several times since followed. *McCullough* v. *Pritchett,* 120 *Ga.* 585; *Bradley* v. *Cassels,* 117 *Ga.* 517. But in none of these cases is the principle announced in the first headnote questioned.

2. Plaintiff in error contends that inasmuch as the transferee had bought the property from the original purchaser before taking the transfer of the purchase-money note reserving title in the original seller, the effect of the transfer would be to extinguish the title so reserved. This contention is based upon the theory that the title reserved is in effect only a lien, and when the owner of the property takes an assignment of the lien to himself, the lien becomes extinguished. The obvious reply to this contention is that the title reserved, while affording a means of security, is not a lien. The transferee, by the assignment, acquires such title as the transferor had, and that title is complete for the purpose of the collection of the debt until the purchase-money has been paid.

3. From the statement of facts it will be seen that at the time the claimant bought the property from the original purchaser he took a bill of sale containing a stipulation to the effect that the title was conveyed subject to the liens of record, one of which was the mortgage lien of plaintiff in fi. fa. On the trial the plaintiff offered himself as a witness to prove that he assisted in the preparation of the bill of sale from the defendant to the claimant, and

that this clause was inserted for the express purpose of having the claimant assume and pay off all liens of record in the office of the clerk of the superior court of Clinch county. This testimony was repelled by the court, and properly so. The stipulation in the bill of sale was clear and unambiguous as to its meaning, and in such cases parol evidence is inadmissible to vary, add to, or contradict the same.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*