## 2419. SWANN DAVIS COMPANY, for use, etc. v. STANTON.

1. "When a promissory note for the purchase-money of personal property, which contains a reservation of title to the property in the payee until the note is paid, is by the payee transferred for value to a third person without recourse, the title reserved for securing the payment of the debt is divested; and if, at the time of such transfer, the title so held is not likewise transferred to the purchaser of the note as a security in his hands, it vests in the maker, and the transferee becomes an ordinary creditor of such maker."

2. The right to retake possession of personalty to which title is reserved by the vendor is a chose in action, and choses in action must be assigned in writing.

3. As all choses in action must be assigned in writing, the mere delivery of a note containing a reservation of title to personalty, while sufficient to transfer the evidence. of the debt, is insufficient to establish such privity between the maker of the note and the transferee as will continue or keep alive the right of retaking the chattel.

4. The evidence was insufficient to authorize the judgment rendered.

Levy and claim; from city court of Covington—Judge Whaley. January 24, 1910.

Submitted March 24,—Decided April 19, 1910.

C. C. King, Middlebrook, Rogers & Knox, for plaintiffs.

A. D. Meador, contra.

Russell, J. The plaintiffs in error obtained a common-law judgment against one Randall Banks, and the fi. fa. was levied upon three mules, some corn and fodder, and a number of cows and calves, as the property of the defendant. P. A. Stanton interposed a claim to two of the mules, and the judge (hearing the case without a jury) found in favor of the claimant, and rendered a judgment dismissing the levy and adjudging the two mules not subject thereto. It was not disputed in the evidence that Randall Banks originally purchased the mules in question, that they remained always in his possession, and that the claimant, as agent for Banks, returned them for taxation as the property of Banks. It appears also that Banks paid $83 upon the purchase-money note. The claimant rested his case upon the proposition that having purchased from Aiken & Anderson, the original payees, this note, in which Banks contracted that the title to the mules should be reserved and remain in Aiken & Anderson until full payment of the purchase-price, he was subrogated to all of the rights of Aiken & Anderson. The note reserving the title was duly recorded, and was taken up by the claimant about two years before the judgment was rendered, but no written transfer of the note or of the security was made. The evidence of the transfer rests upon the statement that he paid the note and it was delivered to him by Aiken & Anderson. There is no evidence that there was even a parol understanding that the title should not pass to the maker of the note upon the payment of his debt by Stanton. Stanton's testimony is to the effect that he paid Aiken & Anderson the amount of the note, and that they then turned the note over to him by mere delivery, without indorsement, guaranty, or any written assignment.

We think the court erred in holding that the mules were not subject to the levy of the fi. fa. Under the ruling in *Burch* v. *Pedigo,* 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808), "When a promissory note for the purchase-money of personal property, which contains a reservation of title to the property in the payee until the note is paid, is by the payee transferred for value to a third person without recourse, the title reserved for securing the payment of the debt is divested; and if, at the time of such transfer, the title so held is not likewise transferred to 'the purchaser of the note as a security in his hands, it vests in the maker, and the transferee becomes an ordinary creditor of such maker." It is true, as pointed out by Judge Evans in *Townsend* v. *Southern Product Co.,* 127 *Ga.* 344 (56 S. E. 436, 119 Am. St. R. 340), that there is a conflict between the adjudicated cases as to the effect of a transfer without recourse, and as to whether the security afforded by a reservation of title to personal property, contained in a note given for the purchase-price, passes without a special written assignment of this security. The *Townsend* case, however, goes no further to the point than that the unconditional assignment of the note in which the title is reserved is sufficient to carry, along with the evidence of the debt, the security for its payment; and as the case of *Burch* v. *Pedigo,* supra, is a prior ruling, and has since been followed in *Bradley* v. *Cassels,* 117 *Ga.* 517 (43 S. E. 857), and in *McCullough* v. *Pritchett,* 120 *Ga.* 585 (48 S. E. 148), we must hold it to be controlling, especially in a case in which there has been no written assignment of the note and no necessity for such written assignment, so far as the note was concerned, except for the purpose of carrying the security, under the principle announced in the *Townsend* case. The Supreme Court thought it unnecessary to attempt to reconcile the apparent conflict between the ruling in the *Townsend* case and the prior ruling in the *Burch* case, and it is unnecessary for us to do more than to point out the fact that the case at bar can be controlled by the *Townsend* case, for the reason that the present transfer was necessarily without recourse (because if Aiken & Anderson, without any indorsement on their part, merely delivered the note to Stanton, they assumed no liability). Further, under the peculiar circumstances of the case it can be said that there was no assignment at all within the meaning of the term as employed in the *Townsend* case, or in the

case of *Laurens Banking Co.* v. *Bales,* 4 *Ga. App.* 142 (60 S. E. 1014), in which we followed the ruling in the *Townsend* case. Granting that under the ruling in the *Townsend* case, the unconditional assignment in writing of the note which contains a reservation of the title should very properly have the effect of carrying with it the security afforded by the reservation of title, it does not follow that a mere verbal transfer of the note would have the effect of carrying with it a form of security of the highest rank, which is entitled to record and required to be recorded to avoid the possibility of its impairment. As the assignment in the *Townsend* case was in writing, the ruling in that case is not in conflict with the provisions of §3077 of the Civil Code. The whole effect of the decision is to say that when the note is assigned in writing, the writing will include the security, which is a chose in action; and this ruling is in harmony with the code section above cited. "Personalty to which the owner has a right of possession in future, or a right of immediate possession, wrongfully withheld, is termed by the law a chose in action." But under section 3077, as construed in *First National Bank* v. *Hartman,* 87 *Ga.* 438 (13 S. E. 586), *Turk* v. *Cook,* 63 *Ga.* 681, and *Planters Bank* v. *Prather,* 64 *Ga.* 613, in order to vest the legal title to a chose in action in the assignee, the contract must be in writing. It is true the code section itself merely authorizes assignments of choses in action, and in several States there may be assignments by parol, but in *Turk* v. *Cook,* supra, it was expressly held that in this State "an assignment of a chose in action must be in writing. The meaning of the legal assignment is the transfer of title or interest by writing." We are not aware of any decision which in any way conflicts with that in the *Turk* case; and as is said in the opinion in that case, the requirement that assignments of choses in action shall be in writing is certainly in accord with sound public policy. The right to retake possession of personalty to which title is reserved by the vendor is a chose in action, and therefore must be assigned in writing. In this case, therefore, even if the mere delivery of the note was sufficient (because the note was payable to the bearer) to transfer the evidence of the indebtedness, delivery alone was not sufficient to effect an assignment of the special chose in action involved in the reservation of title. The right to sue upon a note was a chose in action, it is true, and

the right to assert title to the property mentioned in the note constituted a different chose in action. The first required no additional assignment, because the assignment in writing, evidenced by the words "or bearer," related back to its inception. But the reservation of the title.was to Aiken & Anderson only, and, under our view of the ruling in *Turk* v. *Cook,* supra, and the other cases cited, it was necessary, to the existence and validity of the assignment of the right to assert title, that the assignment be in writing.

In *Adams* v. *Williams,* 125 *Ga.* 433 (54 S. E. 101), it was held that "before the plaintiff could be permitted to maintain a suit against Williams based upon the writing, the former would have to allege and prove that the chose in action had been duly assigned in writing, either to his firm or to him as surviving partner. . . There could be no privity of contract between them, unless the plaintiff, by legal assignment and transfer in writing, became vested with the legal title to the chose in action." As we view the case, to hold that by mere delivery a note retaining title to personalty would put the title in such a transferee would be to overturn the ruling in the *Turk* case, supra, and to create a possibility of fraud, and oftentimes subject the debtor to needless hardships. A debtor may make payments to his creditor after an assignment has been made, in ignorance of what has taken place, but this is not so likely to happen where the assignment is in writing and a date definitely fixed, as when the parties are compelled to rely upon the uncertainties of memory, as to the date and other circumstances of the assignment in parol. In so far as there appears to be a conflict between the *Townsend* case and the case at bar, the distinction between the two, dependent upon the facts of each, is to be noted. Where there is an unconditional assignment in writing, the transferor warrants the property and the title thereto. He would probably be liable also as an indorser. When the note is assigned, without recourse, or by mere delivery, the transferee has no recourse in either event upon the transferor.

While the claimant testified that the two mules in question were his property, it is apparent, from his testimony upon the cross-examination, that this was merely a conclusion of the witness, and not justified by the facts related by him upon cross-examination. The claimant's testimony, in the light of the ruling in *Evans* v. *Josephine Mills,* 119 *Ga.* 451 (46 S. E. 674), was insuf-

ficient to show title in himself.    According to his evidence, so far as any one but himself knew or intended, he paid Banks' debt, and the title thereupon vested in Banks.    *Judgment reversed.*

POWELL, J., concurring specially.    I think that the decision in the case of *Cade* v. *Jenkins,* 88 *Ga.* 791 (15 S. E. 292), correctly states the law, and that what is said in subsequent decisions, so far as it conflicts with what is said in that decision, is not sound.    The note in this case was made payable to Aiken & Anderson or bearer, and was therefore transferable by delivery only.    If Aiken & Anderson had transferred it, even by delivery and without written indorsement, they would, nevertheless, have sustained to the transferee such a relationship as to impose the contingent liability mentioned in the Civil Code, §3685.    However, where transferors merely accept payment for the note, no such liability survives against them.    The evidence in this case indicates that the note was paid and not transferred; consequently, even under the case of *Cade* v. *Jenkins,* supra, the claimant had no title.