### 2718.   DAWSON *v.* ENGLISH.

The original payee in an instrument creating an indebtedness, and conveying to the payee the title to certain personal property as security therefor, signed and executed thereon the following indorsement: "For value received I hereby sell and convey to [the plaintiff] the within bill of sale, with all rights and privileges of enforcing the payment of the same that I have under the law, without recourse on me." *Held*, that the indorsement was adequate to transfer not only the indebtedness, but also the title to the property specified in the paper; and that if this were not otherwise the case, it would have this effect under the act of November 22, 1899 (Acts 1899, p. 90).

DECIDED JANUARY 24, 1911.

Certiorari; from Warren superior court—Judge Meadow. May 11, 1910.

*L. D. McGregor,* for plaintiff in error.   *M. L. Felts,* contra.

POWELL, J.  The headnote states sufficient of the facts. The present case is distinguished from *Burch* v. *Pedigo,* 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808), by the fact that in that case only

the note (i. e., the evidence of the indebtedness alone) was transferred, as well as by the fact that the transfer in that case was made prior to the passage of the act of 1899. It is distinguished from *Swann Davis Co.* v. *Stanton,* 7 *Ga. App.* 668 (67 S. E. 888), by the fact that in that case there was no written transfer at all.

*Judgment affirmed.*