2965.   WEST YELLOW PINE CO. *v.* KENDRICK.

1. Where the payee named in an instrument evidencing an indebtedness for the purchase price of personal property, and reserving to the payee as seller the title thereto until the indebtedness shall be paid, assigns the instrument, and not merely the indebtedness evidenced thereby, the assignee thereof may maintain trover for the property upon the title so reserved, although the assignment may have been made "without recourse."

2. Parol evidence is admissible to explain an indorsement in blank.

DECIDED JUNE 7, 1911.

Trover; from city court of Valdosta—Judge Cranford.   August 9, 1910.

*Woodward & Smith, Denmark & Griffin,* for plaintiff.

*G. A. Whitaker, O. M. Smith,* for defendant.

POWELL, J.   Kendrick executed an instrument whereby he agreed to pay to W. A. Griffith, or order, a certain sum of money. In the instrument it was recited that the indebtedness was for the purchase price of certain mules, and that the title to the mules was not to pass to the purchaser until payment of the indebtedness. The instrument was duly witnessed and recorded.   On the back of it were the following entries: "Without recourse.   W. A. Griffith. I. L. Griffith."   "Georgia, Lowndes County.   For value received we hereby transfer the within paper to West Yellow Pine Company, without recourse.   This July 3, 1908.   Citizens Bank of Valdosta, by J. F. Lewis, Pres."   The West Yellow Pine Company brought suit in trover for the recovery of the property from the purchaser, who had failed to pay the indebtedness.   At the trial this note, with the entries thereon, was introduced in evidence, and Mr. Lewis, president of the Citizens Bank of Valdosta, testified that the bank bought the note from W. A. Griffith, and that he and I. L. Griffith merely indorsed their names upon the back of the note, and that the words "without recourse" were not then written upon it, but that afterward, when he, as president of the bank, again sold the paper, he wrote these words, "without recourse," upon the back of the paper and above the signatures of the Messrs. Griffith.   The plaintiff attempted to prove by this witness that his object and intention in writing these words above the signatures of the Messrs. Griffith was to effectuate the object of the transferring of the indebtedness and the title to the property to the West Yellow Pine Company, but on condition that neither the Messrs. Griffith nor the bank

should be held liable upon the indebtedness as indorsers. The court excluded this testimony, and there is an exception as to this ruling. There being no further evidence, the court granted a nonsuit, and the plaintiff excepts.

1. We recognize, as the Supreme Court itself recognizes (see the comments of Mr. Justice Evans in *Townsend* v. *Southern Product Co.*, 127 *Ga.* 342, 344, 56 S. E. 436, 119 Am. St. Rep. 340), that as to the general question here involved there is a conflict in the decisions of the Supreme Court. The case of *Cade* v. *Jenkins*, 88 *Ga.* 791 (15 S. E. 292), and cases following it, are in conflict with *Burch* v. *Pedigo*, 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808), and cases following it. *Cade* v. *Jenkins* is the oldest case, and is controlling so far as it goes, and the late case of *Townsend* v. *Southern Product Co.*, supra, seems to recognize that that case expresses the correct rule. This court, in the case of *Dawson* v. *English*, 8 *Ga. App.* 585 (69 S. E. 1133), undertook to distinguish *Burch* v. *Pedigo* on the ground that the note involved in that case was made prior to the act of 1899 (Acts of 1899, p. 90; Civil Code of 1910, § 3345 et seq.), as well as upon the fact that the assignment in that case related to the indebtedness alone, and not to the paper as a whole. In the decisions of the Supreme Court which are in conflict with the case of *Cade* v. *Jenkins*, the act of 1899, supra, is not referred to. It is not necessary for us to decide in this case as to what effect follows where purchase-money notes reserve title in the payee of the notes, and the notes are transferred "without recourse;" for, in this case, we construe the transfer as relating not merely to the indebtedness, but also to the title reserved in the original payee of the instrument. The indorsements of the Messrs. Griffith are silent as to this; but the indorsement of the bank states that "the within paper is transferred," and as the paper to which the transfer related was not merely a note, but was also an instrument reserving title, we think that the only fair construction to give to the act of the parties is to say that it was their intention to transfer not merely the indebtedness, but also the title to the property. In this view of the case, our decision in *Dawson* v. *English*, supra, is controlling.

2. Of course, we are not unmindful of the fact that if the prior indorsements had operated to divest the title of the holder of the paper as to the property and to vest it in Kendrick, the indorsement of the bank would not be effectual to transfer any title, so that it

is necessary for us to decide as to the effect of these prior indorsements. The Civil Code (1910), § 5796, provides: "Blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsements." An indorsement in blank usually consists of the indorser's writing his name on the back of the paper; but it does not become an "indorsement in full" until the name of a payee is inserted. In the present case the indorsement in blank had been partially completed by the subsequent indorser writing the words "without recourse." The indorsement, therefore, had not become an indorsement in full, but still suffered from the same character of ambiguity as inheres in an indorsement in blank. The words "without recourse," followed by the signature of the payee, did not make a complete indorsement; hence parol testimony was admissible to explain that the intention was that the title to the property, as well as to the indebtedness, should pass, but that the transferor should not become liable as an indorser upon the evidence of indebtedness.

*Judgment reversed.*