4106. ` MAY v. McCARTY, trustee, for use, etc.

1. A trustee or assignee who holds the legal title of choses in action, under a valid deed of assignment for the benefit of creditors, can sue for the amount of an account included in the deed of assignment, for the use of one who purchased the account at a public sale held by him as such trustee or assignee. The legal title to the account as a chose in action is in the trustee or assignee, and the equitable interest is in the purchaser of the account.
2. No material error of law appears, and the evidence supports the verdict. ·
DECIDED SEPTEMBER 17, 1912.

Complaint; from city court of Sandersville—Judge Jordan. January 9, 1912.

*J. E. Hyman,* for plaintiff in error. *Evans & Evans,* contra.

HILL, C. J. Brown & Company sued J. Q. May for the sum of $97.65 alleged to be due on account. The plaintiffs insisted that they gave a check to May for this amount, which May wanted to pay on insurance premiums, and that May never paid back the sum so advanced. May admitted that they gave him the check for that sum, for the purpose stated, but he testified that he paid them the cash for the check when he received it. After the suit was filed, Brown & Company failed in business, and made a written assignment to W. A. McCarty for the benefit of their creditors,. and McCarty accepted the trust and proceeded, as such trustee or assignee, to liquidate the business, and, in pursuance of the deed,. sold at public sale all the accounts and choses in action of Brown & Company, and A. C. Harrison became the purchaser thereof.. The books of account and choses in action, including the account. against May, were delivered to Harrison by McCarty, but no written transfer or assignment was made by McCarty to Harrison.. During the trial an amendment was allowed, without objection, striking the names of Brown & Company as plaintiffs, and substituting as plaintiff W. A. McCarty as trustee, suing for the use of A. C. Harrison. A verdict. was rendered for the plaintiff, and the defendant excepts to the judgment overruling his motion for a new trial.                 ·           `

1. The plaintiff in error insists that there was no evidence of any written transfer or assignment of the account to Harrison, and therefore no proof of his ownership. The rule is that transfers. of accounts must be in writing. Civil Code (1910), § 3653; *Swann Davis Co.* v. *Stanton,* 7 *Ga. App.* `668 (67 S. E. 888) ; *Turk*

v. *Cook,* 63 *Ga.* 681. We do not think that this principle is pertinent or controlling, under the facts in the instant case. It is admitted that McCarty, as trustee or assignee, held the legal title to the choses in action by a valid instrument in writing. This title was still in him at the time the suit was filed, since he had not made any written transfer thereof to Harrison; but Harrison bought at the public sale, and the equitable title was in him. Suit must be brought by one who holds the legal title, for the benefit of the one who holds the beneficial interest; and so McCarty, as the holder of this legal title, was suing for the use of Harrison, who held the equitable title. This was in accordance with the statute. Civil Code (1910), § 5516. Brown & Company having made a deed of assignment to McCarty, they could not sue; and Harrison, the purchaser at the sale made by McCarty, trustee, could not sue, because he held only the beneficial interest. The legal title was in McCarty, and the suit could only have been brought by him. May was bound to pay to the one who held the legal title, who, under the evidence, was McCarty, the nominal plaintiff.

2. The next ground insisted upon by the plaintiff in error is that the court erred in admitting in evidence the ledger and cash-book kept by Brown & Company. These books were admitted, not as primary evidence, but for the purpose of corroborating the evidence of Brown. Brown & Company kept a clerk, but Brown testified that he gave the check in question to May, and that he knew that these books and this account were correct; and besides, under the evidence, the cash-book was clearly a book of original entries, and admissible. The books were admissible under the rulings of this court in *Bush* v. *Fourcher,* 3 *Ga. App.* 43 (59 S. E. 459).

3. The only real issue in the case was that of payment. Brown testified that he advanced the money sued for, by a check given to May, and that May had never paid the debt. May admitted getting the check, but testified that he paid the money at the time he received the check. The jury believed Brown's evidence, and the trial judge approved the verdict. In the absence of material or prejudicial error of law, the judgment refusing another trial must be affirmed.          *Judgment affirmed.*