## 6617.　BROACH & CO. v. DAVID.

WADE, J. 1. "Where the payee named in an instrument evidencing an indebtedness for the purchase-price of personal property, and reserving to the payee as seller the title thereto until the indebtedness shall be paid, assigns the instrument, and not merely the indebtedness evidenced thereby, the assignee thereof may maintain trover for the property upon the title so reserved, [or may set up title in a claim case], although the assignment may have been made 'without recourse.'" *West Yellow Pine Co.* v. *Kendrick*, 9 *Ga. App.* 350 (71 S. E. 504).

(a) The Supreme Court, in *Townsend* v. *Southern Product Co.*, 127 *Ga.* 342, 344 (56 S. E. 436, 119 Am. St. R. 340), recognized a conflict between the decision in *Cade* v. *Jenkins*, 88 *Ga.* 791 (15 S. E. 292), and decisions following that decision, and the decision in *Burch* v. *Pedigo*, 113 *Ga.* 1157 (39 S. E. 493), and decisions following the latter decision. *Cade* v. *Jenkins*, supra, being the oldest case, is controlling, as far as it goes, and *Townsend* v. *Southern Product Co.*, supra, apparently recognizes that decision as expressing the correct rule. *West Yellow Pine Co.* v. *Kendrick*, supra; *Dawson* v. *English*, 8 *Ga. App.* 585 (69 S. E. 1133); *Laurens Banking Co.* v. *Bales*, 4 *Ga. App.* 142 (60 S. E. 1014).

(b) The transfer in this case was as follows: "I hereby transfer the within to J. P. David without recourse;" signed and witnessed. This amounted to an unconditional assignment of the note, in which the title was reserved, and was sufficient to carry along with the evidence of the debt the security for its payment.

(c) As was said in *West Yellow Pine Co.* v. *Kendrick*, supra, "it is not necessary for us to decide in this case as to what effect follows where purchase-money notes reserve title in the payee of the notes, and the notes are transferred 'without recourse;' for, in this case, we construe the transfer as relating not merely to the indebtedness, but also to the title reserved in the original payee of the instrument."

2. The court did not err in directing a verdict for the claimant or in overruling the motion for a new trial.　　　　　*Judgment affirmed.*

　　　　　　DECIDED JANUARY 11, 1916.

Appeal; from Madison superior court—Judge Meadow. April 17, 1915.

*Gordon & Gordon*, for plaintiffs.

*Berry T. Moseley*, contra.