## JORDAN MERCANTILE COMPANY *v.* BROOKS *et al.*

1. Where one sells personal property, taking a purchase-money note reserving title in the property until the note is paid, the holder of such note may recover the property in an action of trover upon failure of the maker of the note to pay the same.
2. The fact that the transfer or assignment of such a note is made "without recourse" on the payee, will not operate to divest the note of its character as a debt for purchase-money with retention of the title to the property. Civil Code, § 3345.
3. Since this right pertains to the "holder," it follows the note through any number of transfers or assignments; and this is true whether the transfer makes reference to the property to which title is reserved or not. Civil Code, § 3346.
4. It follows that where there are several transfers, some of which contain the words "without recourse" and others do not, the last holder may sue in trover for the property to which title is reserved.

No. 1088. MAY 16, 1919.

The Court of Appeals certified, for the instructions of the Supreme Court, the following questions (in Case No. 9324) :

"J. S. & W. P. Brooks gave to Malsby & Company a note, of which the following is a copy: '$112.50. Dated at Zebulon, Ga., on Nov. 11, 1910. On or before the 11th day of November, 1912, for value received, we or either of us, of Meansville P. O., County of Pike, State of Georgia, promise to pay to Malsby and Co. or order, one hundred, twelve and 50/100 dollars, payable at the Bank of Zebulon, Zebulon, Ga., with exchange, without effect of defalcation, with interest at 8% per annum from date, payable annually until paid; and if not paid at maturity, or for any other breach this note is placed in attorney's hands, 10% additional as attorney's fees. We, makers and endorsers, waive and renounce, for ourselves and families respectively, as to this debt, the right to or the benefit of any homestead or exemption provided by the con-

stitution of this State or of the United States. Demand, protest, and notice of protest and non-payment waived by makers and endorsers hereof; and each also hereby waives any and all claims for damages caused by delay, if any, in delivery of machinery described in this note or otherwise. This note is one of a series of eight notes given for one 10 x 14 cylinder Peerless engine and boiler No. 14587, on wheels, with all fittings, 62 feet 12" 4-ply rubber belt; and it is a part of the contract of sale that the title shall not pass from Malsby & Co. until all of said notes are paid; and if the amount of this note, with interest, is not paid at maturity, or in case of removal of said machinery from the county of Pike, or if the said machinery shall not be properly cared for, then the said Malsby & Co. may declare all other notes at once due and payable, and take possession of said machinery, sell or dispose of same privately or publicly at the discretion of Malsby & Co., or their authorized agent, and after the payment of their debts and all costs, including counsel fees, pay over the remainder, if any, to us. The purchaser from them to receive a good and irrevocable title against me to the machinery without offset of any kind. And further we, makers and endorsers, hereby guarantee Malsby & Co. against any damage or loss to said machinery by fire or other cause; and we shall in no event be entitled to a rescission of the contract, or to an abatement in the price for any cause; and also agree to keep the same insured for the benefit of Malsby & Co. Given under the hand and seal of each party. J. S. & W. P. Brooks, per J. S. Brooks (L. S.). Executed and delivered in the presence of C. R. Gwyn, C. N. P., Pike Co., Ga.' On this note are the following endorsements: 'We hereby transfer the within note to the Geiser Mfg. Co., Waynesboro, Pa., without recourse on us. Malsby & Co.' 'Pay to the order of Emmerson Brantingham Imp. Co. The Geiser Mfg. Co. J. B. Oller, Treas.' 'Pay to the order of Jordan Mercantile Co., without recourse or warranty. Emmerson Brantingham Co., Cecil F. Sanders, Asst. Sec. & Treas.'

"1. Are the above indorsements sufficient to convey to Jordan Mercantile Company such a title to the property described in the note as will authorize them to bring suit in trover therefor?

"2. When a note given for the purchase-price of personalty contains a reservation of title, what is the effect on the title to the property, so far as the transferee is concerned, when the 'note' is transferred 'without recourse'?

"3. When a note given for the purchase-price of personalty contains a reservation of title in the vendor, and the 'note' is transferred 'without recourse,' can the transferee bring an action of trover for the property when the transfer makes no reference to the property to which title is reserved?

"4. When such a note as is referred to above is transferred several times, and no reference is made to the property to which title is reserved, and some of the transfers contain the words "without recourse" and others do not, can the last holder sue in trover for the property to which title was reserved?"

*H. A. Rider,* for plaintiff. *J. B. McDonald,* for defendants.

GILBERT, J. The endorsement is sufficient to convey to the transferee such title to the property as will authorize a suit in trover. This was not the rule until the passage of the act of 1887 (Acts 1887, p. 62). *Farrar v. Brackett,* 86 *Ga.* 463 (12 S. E. 686). The act just mentioned provides that where any judgment has been rendered "upon any note or other evidence of debt given for the purchase-money of personal property, where the title to the same has been retained in the vendor, it shall and may be lawful for the holder of said note or other evidence of debt, in which title is retained," to make and file and have recorded a bill of sale to the defendant for said personal property; whereupon said personal property may be levied on and sold under such judgment as in other cases. It further provides that such judgment shall take and be a lien upon said personal property and the proceeds of the sale thereof, prior to all other judgments, claims, liens, and other encumbrances, until the said judgment shall be fully paid off and satisfied. Thus it is obvious that the General Assembly changed the law theretofore existing with respect to notes given for the purchase-money of personal property where title to the property was retained until the payment of the note. It was specifically provided that the "holder" of the note could avail himself of the remedy which formerly only the payee of the note could exercise. The word "holder," as it is used in the act, is synonymous with the word "bearer." This act should have appeared in the Code of 1895, but the codifiers failed to include it; and the same is true in regard to all subsequent codes. Although this court referred to the act eo nomine in the case of *Cade v. Jenkins,* 88 *Ga.* 791 (15 S. E. 292), decided in the year 1892, this decision, as well as the act, also

escaped the codifiers of all codes. As a possible explanation it may be noted .that the General Assembly, in 1894, passed an act substantially covering the same ground as the former legislation of 1887, and also including additional matters. Acts of 1894, p. 100, Civil Code, § 6037 et seq. Whatever effect the act of 1894 may have had upon the law as it then stood, it can not be said that it repealed the provision in the act of 1887 in regard to the transfer of title to personal property retained in a purchase-money note to the holder thereof where there has been a transfer. The new legislation was to the same effect. The decision in *Cade* v. *Jenkins,* supra, recognized the change in the rule with reference to personal property, and on the authority of the new legislation ruled that a transfer of such notes "since the passage of said act, even if made without recourse on the payee, will not operate to divest the notes of their character as a debt for purchase-money." In the opinion it was further said: "An assignment of the notes, since this act, does not extinguish the security, but carries it along. The debt does not lose its character as a purchase-money debt, but its peculiar privilege is transmitted together with the instrument evidencing it. The fact that the assignment is made without recourse makes no difference, since the language of the act is broad enough to embrace any holder." The decision in *Turnell* v. *Carter,* 5 *Ga. App.* 847, 848 (64 S. E. 114), recognized the authority of the above-stated case and the act upon which it was based.

In *Burch* v. *Pedigo,* 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808), it was held that where a purchase-money note of the character under discussion was assigned "without recourse," the retained title was divested, citing *Farrar* v. *Brackett,* supra. No mention was made in this decision of the act of 1887, or of the case of *Cade* v. *Jenkins,* supra. The decisions in *Bradley* v. *Cassels,* 117 *Ga.* 517 (4) (43 S. E. 857), and *McCullough* v. *Pritchett,* 120 *Ga.* 585 (48 S. E. 148), followed the case of *Burch* v. *Pedigo,* citing that case as authority, without reference to the act of 1887 or the case of *Cade* v. *Jenkins.* In *Joiner* v. *Stallings,* 127 *Ga.* 203 (56 S. E. 304), it was held that the words of the endorsement were sufficient to pass the legal title to the property, and not merely the title to the instrument. In *Townsend* v. *Southern Product Co.,* 127 *Ga.* 342 (56 S. E. 436, 119 Am. St. R. 340), the conflict in the decisions above mentioned was remarked, Evans. J.. stating: "It is

unnecessary to attempt to reconcile or point out the differences," for the reason that the assignment in the *Townsend* case was unconditional and did not extinguish the security. The ruling in *Setze* v. *National Bank,* 140 *Ga.* 603 (79 S. E. 540), had reference to a mortgage on realty, and not a purchase-money note with retention of title.

Clearly the conflict in the decisions of this court, as well as in the decisions of the Court of Appeals, to which our attention has been called by that court, is irreconcilable. The rule as declared in the case of *Cade* v. *Jenkins,* supra, as well as the act of the General Assembly upon which it was based, leaves no room for doubt as to what is the law. The *Cade* case has never been overruled. The act of 1887 has never been repealed. All rulings in subsequent cases which are in conflict therewith must yield.

The question propounded is whether in the case of a number of transfers of a note given for the purchase-money of personalty, in which title to the property is retained in the payee of the note, some of the transfers being made "without recourse" upon the transferor, the last transferee may maintain trover to recover the property in event of failure of the maker of the note to pay the same. In other words, will the same principles apply as to the retention of title, in a trover suit, as are applicable to levy and sale of personalty under a special lien based on retention of title. We think it necessarily follows that if the assignment of notes given for the purchase-money of personal property carries the title to the assignee so that he may legally quitclaim the title for the purpose of levy and sale after judgment, as provided in the act of 1887, he also holds the title upon which a suit in trover may be based.

2, 3, 4. The other questions are sufficiently answered in the headnotes.

*All the Justices concur, except George, J., absent.*