9324.  JORDAN MERCANTILE CO. *v.* BROOKS *et al.*

"1. Where one sells personal property, taking a purchase-money note reserving title in the property until the note is paid, the holder of such note may recover the property in an action of trover, upon failure of the maker of the note to pay the same.

"2. The fact that the transfer or assignment of such a note is made 'without recourse' on the payee will not operate to divest the note of its character as a debt for purchase-money with retention of the title to the property. Civil Code (1910), § 3345.

"3. Since this right pertains to the 'holder', it follows the note through any number of transfers or assignments; and this is true whether the transfer makes reference to the property to which title is reserved or not. Civil Code (1910), § 3346.

"4. It follows that where there are several transfers, some of which contain the words 'without recourse' and others do not, the last holder may sue in trover for the property to which title is reserved."

DECIDED JUNE 9, 1919.

Trover; from city court of Zebulon—Charles J. Lester, judge pro hac vice. September 25, 1917.

*H. A. Rider,* for plaintiff.  *J. B. McDonald,* for defendants.

BLOODWORTH, J.  In this case this court certified to the Supreme Court certain questions, and the foregoing headnotes are taken from the answer. The full opinion of that court is in 149 *Ga.* 157 (99 S. E. 289). Under these rulings and the facts, the trial court erred in directing a verdict for the defendant.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*